KANSAS CITY v. VINEYARD et al., Appellants.

Division One, March 26, 1895.

1. **Municipal Corporation**: STREET EXTENSION: EMINENT DOMAIN. Where, in a proceeding to condemn land for a street extension, it appears that an ordinance for extension was passed by the city council; that the beginning point of the extension is within the city limits as described by its charter and the charter declares the city to be within a certain county, the record sufficiently shows the extension to be within that county.

2. ——: ——: ——: PRESUMPTION. It will be presumed that the city did not, by its ordinance, extend the street beyond its territorial limits; if it did so, the burden was on the defendant to show such to be the fact.

3. ——: PUBLIC ACTS: JUDICIAL NOTICE. The courts will take judicial notice of a public act creating a corporation, and of the extent pu limits of its territory as defined by said act.

128 75
128 291
128 75
140 474
128 75
148 216

128 75
175 3440
e175 1442

4. **Eminent Domain:** JURY TRIAL: "INCORPORATED COMPANY:" CONSTITUTION. A municipal corporation is not an "incorporated company" within the constitution, article 12, section 4, which provides that "the right of trial by jury shall be held inviolate in all trials of claims for compensation, when in the exercise of said right of eminent domain, any incorporated company shall be interested either for or against the exercise of said right."

5. ———: ———: ———: ———. The fact that some of the defendants in such condemnation proceeding are incorporated companies does not give other defendants the right to demand a trial by jury.

*Appeal from Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*J. B. Hamner* for appellants.

(1) It nowhere appears that the land to be taken of appellant and the other defendants, is in Jackson county, or in the state of Missouri, and this cause having been instituted in respondent's mayor's court, a court of limited and inferior jurisdiction, no jurisdiction was acquired. *McQuoid v. Lamb*, 19 Mo. App. 153; *Schell v. Leland*, 45 Mo. 289; *McKinney v. Harral*, 31 Mo. App. 41; *Tegler v. Mitchell*, 46 Mo. App. 349. (2) Appellant was entitled to a trial by a jury of twelve men, under article 12, section 4 of the constitution of the state of Missouri, because plaintiff was a corporation and at least three incorporated companies were defendants and interested in this cause, and appellant did not waive his constitutional right, but demanded a jury of twelve after the jury of six had brought in their report or verdict, as appears by motions and exceptions and demand in writing filed, and the court refused appellant said right. This was error. *Railroad v. Miller*, 106 Mo. 459; *Railroad v. Town Site Co.*, 103 Mo. 451; *Railroad v. Story*, 96 Mo. 611.

*F. F. Rozzelle* and *Clarence S. Palmer* for respondent.

(1) It sufficiently appears from the ordinance that the land to be taken by this proceeding is in Jackson county, Missouri. Charter of Kansas City, section 1, 2, and page 134, section 35. *Sutherland v. Holmes*, 78 Mo. 379; *Long v. Wagoner*, 47 Mo. 178; *Howe v. Williams*, 51 Mo. 252; *Norfleet v. Russell*, 64 Mo. 176; 12 Am. and Eng. Encyclopedia of Law, 169, *et seq.*, and notes. (2) The appellant was not entitled to a trial by a common law jury. *First.* He is not an incorporated company, neither is the respondent within the meaning of article 12, section 4, of the constitution. See art. 2, sec. 21; art. 12, sec. 4, constitution; *Rothan v. Railroad*, 113 Mo. 132; *Railroad v. McGrew*, 113 Mo. 390; *Railroad v. Fowler*, 113 Mo. 458; *Louisiana, etc., Road Co. v. Pickett*, 25 Mo. 535; *Kansas City v. Hill*, 80 Mo. 523. *Second.* If appellant had had the right to a jury trial, he had waived it. He should have made his application as soon as the case was appealed to the circuit court, a court which had jurisdiction to try jury cases. *Railroad v. Story*, 96 Mo. 611; *Railroad v. Miller*, 106 Mo. 458; *Railroad v. Railroad*, 105 Mo. 577; *Railroad v. Town Site Co.*, 103 Mo. 451; charter, art. 7, sec. 5. *Third.* Appellant did not file a proper motion for a jury trial. The constitution only gives the right to have the amount of compensation for property taken tried by a common law jury. This motion asked for a trial of all the issues in the case by jury and was properly overruled. Sec. 4, art. 12, constitution; *Railroad v. Railroad*, 118 Mo. 599. *Fourth.* The constitutional provision, section 4, article 12, was not intended to apply to a proceeding like the present, a proceeding not only to ascertain compensation for property to be taken, but to distribute benefits

over a benefit district prescribed by the common council of the city. Sec. 21, art. 2, constitution; sec. 4, art. 12, constitution; charter, art. 7.

MACFARLANE, J.—This is a proceeding by plaintiff, a municipal corporation, to condemn private property for the purpose of extending Main street from Twenty-fourth street to Grand avenue. The proceeding was begun in the mayor's court, pursuant to an ordinance of the city, and appealed to the circuit court. A number of persons whose property was taken or damaged were parties to the proceedings, among them the defendant and several incorporated business companies. An assessment of damages was had in the circuit court, with a jury, or board of commissioners consisting of six freeholders of the city, as provided by the charter.

After the report was filed, defendant moved to have the same set aside and vacated, and that he be allowed a jury of twelve for the assessment of his damages. This the court denied, and defendant excepted. Defendant objected to the proceedings on the ground that there was no proper description of the land taken, in that it nowhere appeared upon the record that it was in Jackson county. This objection was overruled, and defendant appealed. No other property owners are complaining. The rulings of the court in the particulars mentioned are the only errors assigned.

I. The objection that the record failed to show that the property affected by the proceeding was situate in Jackson county is not well taken. The ordinance shows that it was enacted by the common council of Kansas City, and by it the beginning point of the street extension is described as "a point on the south line of Twenty-fourth street, one hundred and eleven feet east of the west line of the northeast quarter of

the southwest quarter of section 8, township 49, range 33 west." The act creating Kansas City a municipal corporation is a public act, and the court will take judicial notice of the extent and limits of the territory included therein. See charter [Ed. 1889], sec. 35, p. 134; *Bowie v. Kansas City*, 51 Mo. 454. Section 2 of the charter gives the boundaries of Kansas City, by government surveys, the state line and the Missouri river, and declares it to be a "district of country in the county of Jackson." The extension of the street in question, as shown by the ordinance, is within this incorporated territory as clearly appears by the description given. The south line of the city runs east and west with the center line of section 17, township 49, range 33. The court will take judicial notice that section 8, in which the beginning point of the extension is located, lies immediately north of section 17. The limits of the city is thus located three quarters of a mile south of the beginning point. We must presume the city, by its ordinance, did not extend the street beyond its jurisdiction, and, if it undertook to do so, defendant should have pointed out the fact. The record sufficiently shows that the proposed extension is within the county of Jackson and the defined limits of the city. *Sutherland v. Holmes*, 78 Mo. 399; *Long v. Wagoner*, 47 Mo. 178.

II. Was plaintiff entitled to have his compensation assessed by a common law jury of twelve men? Prior to the constitution of 1875, the right of trial by jury to determine the compensation of a landowner, for his land taken for public use, was not guaranteed in any case. It was held by this court, in an early case, that persons appointed to assess damages for land taken under the power of eminent domain, do not perform the usual functions of a jury in civil or criminal trials, and the provision of the constitution which

declares that the right of trial by jury shall remain inviolate has no application to such cases. *Louisiana, etc., Road Co. v. Pickett*, 25 Mo. 536.

So it will be found that, in the absence of any express provision on the subject, the authorities almost uniformly hold that jury trial in such cases is not a constitutional right. Lewis on Em. Dom., sec. 311, and cases cited; *Kansas City v. Hill*, 80 Mo. 535.

The constitution of this state declares that com-pensation for private property taken or damaged for public use "shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be prescribed by law." The only limitation placed upon the legislature by this provision is that the compensation shall be ascertained by a jury or board of commissioners, and the number shall not be less than three. In other respects the power of the legislature is not limited by this declaration. Were there no other constitutional provision on the subject, there could be no doubt of the validity of the charter of Kansas City which requires compensation to be as-sessed by a jury of six freeholders of the city.

But defendant claims the right to a common law jury under another provision of the constitution which declares: "The right of trial by jury shall be held inviolate in all trials of claims for compensation, when in the exercise of said right of eminent domain, any incorporated company shall be interested either for or against the exercise of said right." Sec. 4, art. 12, Const. of Mo.

This is a special provision applying to a particular class, viz., "incorporated companies." Unless an in-corporated company be interested, either for or against such right, then the compensation must be ascertained as provided by the charter. Is a municipal corpora-tion an incorporated company within the meaning of

said section 4, article 12? If so, then there can be no doubt that defendant would be entitled to the right demanded. *Railroad v. Miller*, 106 Mo. 461; *Railroad v. Shambaugh*, 106 Mo. 570; *Railroad v. Cudmore*, 103 Mo. 635; *Railroad v. Town Site Co.*, 103 Mo. 451.

But we do not think a municipal corporation included within the term "incorporated company." While an incorporated town or city is. a corporation, we do not think it a company in any sense. The term "incorporated company" is defined as "a corporation formed for the purpose of carrying on a business for profit." Rapalje & Lawrence's Law Dictionary. Webster gives one definition of the word "company": "A number of persons united for the same purpose, or in a joint concern; as a company of merchants; the word is applicable to private partnerships, or incorporated bodies of men; hence it may signify a firm, house or partnership; or a corporation, as the 'East India Company.'" A municipal corporation is described by Judge VORIES in *Heller v. Stremmel*, 52 Mo. 312, as including "organized cities and towns, and other like organizations, with political and legislative powers for the local civil government and police regulations of the inhabitants of the particular district included in the boundaries of the incorporation." A municipal corporation is a subordinate branch of the domestic government of a state. *Mayor v. Ray*, 19 Wall. 475. The "power of local government is the distinctive purpose and the distinguishing feature of a municipal corporation proper." 1 Dillon on Municipal Corporations [4 Ed.], sec. 20. A municipal corporation "is merely an agency instituted by the sovereign for the purpose of carrying out in detail the objects of government." *Philadelphia v. Fox*, 64 Pa. St. 180. See, also, 12 Am. & Eng. Encyclopedia of Law, 952.

It will be seen from these definitions that an incorporated company possesses none of the essential features of a municipal corporation, and their purposes are altogether different.

It will be observed, also, that article 12, in which this provision is found, treats entirely of business corporations, making no mention therein of municipal corporations. That there might be no misunderstanding, section 11 defines what the word "corporation," as used, should include: "The term *corporation*, as used in this article, shall be construed to include all joint stock companies, or associations having any powers or privileges not possessed by individuals or partnerships." Entire chapters of the constitution are devoted to counties, cities, towns and school districts, but give no consideration to the question of eminent domain, though the power had ever been delegated to them by the state for the acquisition of land for courthouses, roads, bridges, streets and school sites. If the convention had intended to include counties, cities, towns, and school districts, or any one of them, as having the right to a jury trial in such cases, they would certainly have done so. The power to prescribe the manner of assessing damages, in case any of them were interested, was clearly left to the legislature. It is perfectly plain, from the language used, that municipal corporations were not included, or intended to be included, in the term "incorporated companies."

The language of the constitution being clear, there need be no inquiry into the reason for the distinction made. But a reason can be found in the very objects and purposes of the respective corporations. The power of eminent domain rests in the state. The subdivision of the state into counties, and school districts and the incorporation of cities and towns are for the convenience of the state and to enable the people of the

territory, constituting the subdivisions and municipalities, to govern and manage their own local affairs. It is but reasonable that the state, in delegating to these localities the right of local self-government, should also confer upon them the power of exercising the right of eminent domain with no more restrictions than the same people, in the aggregate, imposed upon the state itself. The power when delegated is exercised by the people of the localities themselves, and in their own interest, and it can not be assumed that wrongs would be perpetrated upon individuals of the community which it would require a jury trial to prevent. On the other hand, incorporated companies to which the power is given, are allowed for private purposes and private gain, and the extraordinary power delegated to them may be abused. In order to protect and secure the rights of both the corporations and the people, which may be thought to be in antagonism, a jury trial was very properly given when demanded by either.

III. But it is said that in this proceeding there are incorporated companies which are interested against the exercise of the right of eminent domain, and, as the proceeding provided by the charter is conducted against all the parties interested as an entirety, any one of the interested parties has the right to demand a jury trial. It must be conceded, on first view, that the language used seems susceptible of that interpretation. But the section must be read in the light of the fact that the condemning party here is not an incorporated company. The right to demand a jury is, therefore, confined to an incorporated company whose property is taken by the proceeding, and to the condemning party. One of these parties is for, and the other against, the exercise of the right. As to either of these parties the right of "trial by jury shall be held inviolate in all trials of claims for compensation." As

to other parties the compensation shall be ascertained by a "jury or board of commissioners of not less than three freeholders, in such manner as may be prescribed by law." Sec. 21, art. 2, Constitution. It is very clear that the language of said section 4, article 12, does not guarantee to defendant a jury trial. The right given to the city and any one of the incorporated companies interested was one they could and did waive by not demanding it. *Railroad v. Story*, 96 Mo. 611; *Railroad v. Town Site Co.*, 103 Mo. 451.

Defendant does not demand a jury trial as a personal right, conferred directly upon him by the constitution, but as one derived from these incorporated companies, by reason of the entirety of the proceedings provided by the charter. Now, it is perfectly clear that when these parties to which the right was given, waived it, the right itself, was entirely eliminated. No foundation was left for the derivative right claimed by defendant.

We do not undertake to decide whether, if one of the interested incorporated companies had demanded a jury, all the other parties to the proceeding would also have been entitled to a jury trial. That is a question not in this case. The judgment is affirmed. All concur, BARCLAY, J., in the result.