## KANSAS CITY v. BLOCK, Appellant.

### Division Two, June 9, 1903.

1. **Ordinance:** LOCATION OF STREETS. It is held that the ordinance which is set out in the opinion in this case, which was for the grading of McGee street, sufficiently shows that McGee street is in Kansas City and in Jackson county, Missouri.

2. ———: ———: WITHIN CITY: PRESUMPTION. When a city speaking through her council, by means of an ordinance duly enacted, provides for the improvement of a street, it will be presumed that that street is a proper subject for municipal legislation and that it is located within her corporate limits.

3. ———: ———: ———: CHARTER: PRESUMPTION. When a city in the exercise of her charter powers, of which the courts take judicial notice, proceeds to adopt ordinances for the improvement of certain named streets, it will be presumed that the streets are located within the city. It is not necessary that the ordinances in such case state that the streets named are so located.

4. ———: ———: ———: DUTY OF DEFENDANT. If an ordinance for the improvement of a named street is intended to apply to a street not within the corporate limits of the city, it is the duty of the defendant, who resists the assessment against his property of the costs for the improvements of the street, to point out that fact to the court, and if he does not do so it will be presumed that it was within the city.

Vol 175 mo—28

5. ———: PROPERLY ENACTED: STREETS: JUDICIAL NOTICE. When a city, of whose charter powers the courts take judicial notice, adopts an ordinance in respect to a named street, it is a legitimate and logical presumption that it is exercising a power conferred by its charter in reference to a street within its corporate limits.

6. ———: BENEFIT ASSESSMENT: PROPER NOTICE TO OTHERS. A judgment awarding plaintiff damages to his lot caused by improvements to a street, will not be disturbed because of a lack of proper service on other property-owners also affected by the ordinance authorizing the improvement. Their grievances will be redressed on their own application.

Appeal from Jackson Circuit Court.—*Hon. Edward P. Gates,* Judge.

AFFIRMED.

*Leon Block* for appellant.

(1) The circuit court had no jurisdiction. The copy of the ordinance, filed, and which was the foundation of the entire proceeding, nowhere showed that the street to be graded or the property to be affected by such grading is situated in Kansas City, Missouri, or even in Jackson county, Missouri. Kansas City v. Smart, 128 Mo. 272; Kansas City v. Vineyard, 128 Mo. 75; McKinney v. Harral, 31 Mo. App. 41; Schell v. Leland, 45 Mo. 289; Railroad v. Carter, 85 Mo. 448; Johnson v. Fischer, 56 Mo. App. 552; Cicotte v. Anciaux, 53 Mich. 232; Tegler v. Mitchell, 46 Mo. App. 349. Neither this court nor the circuit court could take judicial notice that McGee street is in Kansas City, Missouri. Corrigan v. Morris, 43 Mo. App. 456; Allen v. Scharringhausen, 8 Mo. App. 229; Cicotte v. Anciaux, 53 Mich. 232; Carr v. Lewis Coal Co., 96 Mo. 155. (2) The notice by publication was insufficient to confer jurisdiction. It failed to notify the parties against whose property benefits were to be assessed how they would be affected. The notice did not state that special judgment would be rendered against their land and that such judgment

would bear fifteen per cent interest. The notice must substantially apprise the owners what it is proposed to do and in what manner they would be affected.   Bobb v. Woodward, 42 Mo. 482; Railroad v. Fitchburg, 121 Mass. 131; Harris v. Marblehead, 10 Gray (Mass.) 40; Austin v. Allen, 6 Wis. 132; Babb v. Carver, 7 Wis. 124.   (3)   The question as to the jurisdiction of the court may be raised at any time.   Railroad v. Campbell, 62 Mo. 585; Railroad v. Munson, 57 Mich. 43.

*R. J. Ingraham* and *W. O. Thomas* for respondent.

(1)   The ordinance in question is an ordinance of Kansas City, Missouri, the charter has been complied with, and the circuit court had jurisdiction.   Charter (Ed. 1899), sec. 5, arts. 3 and 8; Kansas City v. Smart, 128 Mo. 272; Kansas City v. Vineyard, 128 Mo. 75. "The charter of Kansas City is a public act of which courts of this State are required to take notice," and the boundaries in this proceeding are streets described in the charter, and the benefit district and McGee street are clearly in Kansas City, Missouri.   Charter (Ed. 1898), sec. 35, art. 17; Kansas City v. Smart, 128 Mo. 298; Kansas City v. Vineyard, supra.   Descriptions of benefit districts in this class of proceedings are good when intersections of streets and alleys in Kansas City, Missouri, are given as monuments fixing boundaries. (2)   The order and notice of publication conform to the city charter.   Charter, sec. 5, art. 8.   And the provisions of the charter as to notice in grading cases are valid. Kansas City v. Duncan, 135 Mo. 571.   The alleged error on appellant's own statement affects parties not appealing, and does not affect him, and the "Supreme Court shall not reverse the judgment of any court, unless it shall believe that error was committed by such court against the appellant or plaintiff in error and materially affecting the merits of the action."   R. S. 1899, sec. 865; Kansas City v. Mastin, 68 S. W. 1037; Kansas City

v. Smart, supra; St. Louis v. Lanigan, 97 Mo. 176; Dickenson v. Chrisman, 28 Mo. 134.

FOX, J.—This proceeding originated in the circuit court of Jackson county. There was no bill of exceptions filed in the cause, preserving the action of the trial court in the disposition of this cause. Hence, our attention is directed exclusively to the record proper in this proceeding for the errors complained of by the appellant.

The abstract of record as furnished by the appellant, with the omissions as suggested by respondent, is about as follows:

"On December 2, 1899, there was filed in the office of the clerk of the circuit court of Jackson county, the following:

" '*An ordinance to grade McGee street from Ninth to Eleventh.*

" 'Be it ordained by the common counsel of Kansas City:

" 'Section 1. That McGee street from Ninth to Eleventh street shall be graded the full width thereof and to the established grade of the same.

" 'Section 5. Whereas, private property may be disturbed or damaged by the grading herein authorized and provided for, . . . the common council prescribes and determines the limits within which private property is benefited by the proposed grading herein mentioned, and the limits within which such property, shall be assessed and charged to pay such remuneration or damages, to be as follows, to-wit:

" 'Beginning at the south line of Eighth street and the center of the alley immediately east of McGee street; thence south along the center line of said alley to the north line of Twelfth street; thence west along the north line of Twelfth street to the east line of Grand avenue; thence north along the east line of Grand avenue to the south line of Eighth street; thence east along the south line of Eighth street to the place of beginning.

" 'Approved October 17, 1899.

" 'JAMES M. JONES, Mayor.

" 'Attest: C. S. Curry, City Clerk.

" 'State of Missouri, county of Jackson, Kansas City, ss:

" 'I, C. S. Curry, city clerk of Kansas City, Missouri, hereby certify that the annexed and foregoing is a true and correct copy of an ordinance of said city, No. 13150, entitled "An ordinance to grade McGee street from Ninth to Eleventh street, approved October 17, 1899," as the same appears of record and on file in my office.

" 'In testimony whereof, I have hereunto set my hand and affixed the seal of Kansas City, aforesaid, this 24th day of November, A. D., 1899.

" '(L. S.)            " 'C. S. CURRY, City Clerk,

" 'By E. A. NORRIS, Deputy.'

"On December 9, 1899, said circuit court of Jackson county, Missouri, made the following order of publication in said cause:

" 'To whom it may concern, Greeting:

" 'Whereas a certified copy of an ordinance of Kansas City, Missouri, No. 13150, approved October 17, 1899, and entitled, "An ordinance to grade McGee street from Ninth to Eleventh streets," was by the mayor of Kansas City, Missouri, caused to be filed in the court and said ordinance being for the grading of McGee street from Ninth to Eleventh streets, in Kansas City, Missouri, the full width thereof to its established grade, the grading to be paid for in special taxbills against the lands that may be charged with the cost thereof according to law and for the ascertaining and assessing of the damages and benefits to arise from said proposed grading, all as provided by the charter of said city, and the limits determined and presented by said ordinance within which private property is benefited by said proposed grading being as follows, to-wit:   Beginning at

the south line of Eighth street and the center of the alley immediately east of McGee street; thence south along the center line of said alley to the north line of Twelfth street; thence west along the north line of Twelfth street to the east line of Grand avenue; thence north along the east line of Grand avenue to the south line of Eighth street; thence east along the south line of Eighth street to the place of beginning.''

'' 'Now, therefore, you and each of you are hereby notified that January 8, 1900, is the day and the court-room of Division 3 of the circuit court of Jackson county, Missouri, at Kansas City, is the place, hereby fixed for the ascertaining and assessing of damages and benefits that may arise from said proposed grading, and that un-less on or before the day next before the day set for the hearing aforesaid you file your claim or claims for dam-ages containing a description of the property claimed to be damaged and the interest of the claimant therein, you and each of you shall be forever thereafter precluded from making any claim on account thereof.'

''On January 5, 1900, this appellant, Leon Block, filed in said cause in said court his claim for damages, stating that he is the owner of lot 145 in Swope addi-tion, located on the east side of McGee street between Tenth and Eleventh streets, and that said property would be damaged by said proposed grading in the sum of seventy-five hundred dollars, which he prayed might be allowed to him as provided by law.

''On March 19, 1900, the commissioners filed their report of damages and benefits. On March 23, 1900, and at the same term of court, this appellant, Leon Block, filed a motion for a new trial. On April 5, 1900, at the same term, said motion for new trial was over-ruled, to which ruling of the court said Leon Block ex-cepted at the time. Said report of the commissioners and verdict was thereupon at same time approved and confirmed by the court and recorded. By said report and verdict said commissioners allowed to said Leon

Block, claimant, on account of damages to said lot 145 in Swope's addition, the sum of four hundred dollars.

"On April 6, 1900, appellant filed affidavit for appeal and was given until June 30, 1900, to file bill of exceptions. On April 23, 1900, the court fixed the amount of appeal bond to be given by this appellant at $200. On April 24, 1900, this appellant filed affidavit and bond for appeal, the same were approved by the court, and the court allowed him an appeal to the Supreme Court of Missouri as prayed by him."

This is substantially the record pertinent to the questions presented for review upon this appeal.

It will be observed that this is an appeal from the judgment of the circuit court, confirming the report of the commissioners in the assessment of damages, in behalf of appellant, on account of damages to his property, by reason of the grading and improvement of the street, as contemplated by the ordinance herein quoted.

The ordinance filed in the circuit court of Jackson county, in proceedings of this character, forms the basis and foundation of this entire proceeding.

We can more fully comprehend and appreciate the complaints of appellant by quoting what he says in respect to the errors urged as to this record.

His contentions are:

"1. The record proper shows the filing of the ordinance to grade McGee street from Ninth to Eleventh streets, but there is nothing set forth in this ordinance, which was the foundation of the entire proceeding, showing that McGee street is in Kansas City, Missouri, or even that it is in Jackson county, Missouri.

"2. The record proper shows the notice by publication. As to the parties against whom and whose property benefits were assessed, said notice did not state in what manner these parties would be affected by said proceedings. Many of these parties were not served with process and did not appear. Said notice did not state that special judgment would be rendered against their land

and that the same would bear fifteen per cent interest and that the land would be sold to pay such judgment under special execution, nor did such notice in any way notify these parties as to the nature of the proceedings against them or their property.''

It is earnestly insisted by appellant that the record in this cause fails to disclose that the street to be improved or the property to be affected by such improvement, was located in Kansas City, Missouri, or even in Jackson county. We are of the opinion that this contention can not be maintained upon the record before us, and we have reached the conclusion that this position taken by appellant is without merit.

The ordinance speaks for itself: ''Be it ordained by the common council of Kansas City.'' Then follows the body of the ordinance as quoted. We have at the very inception of this investigation, without proceeding further, the unmistakable evidence that this was an ordinance adopted by the common council of Kansas City. We have, in addition to this, which forms a part of the record in this cause, the authentication of the city clerk that the ordinance as filed was an ordinance of Kansas City for the grading of the street as provided by it. We take it, that it must be conceded that the ordinance as filed, and which was the basis of this proceeding, was one duly adopted by Kansas City, Missouri.

Having reached the conclusion that this ordinance was duly enacted by Kansas City, it certainly is not a violent presumption that when the city, speaking through her council, provides for the improvement of a street, the street is a proper subject for municipal legislation, and is within her corporation limits.

It was clearly announced in the cases of Kansas City v. Smart, 128 Mo. 272, and Kansas City v. Vineyard, 128 Mo. 75, that, ''the charter of Kansas City is a public act, of which courts of this State will take judicial notice.'' While it may be urged that the courts may take judicial notice of the charter, they do not take judicial

notice that any particular street is located in Kansas City. This is true, but when the courts take judicial notice of the charter, this includes notice of the powers embraced within the charter, and when the city in the exercise of its power, fully conferred by its charter, of which the courts take judicial notice, proceeds to adopt ordinances in respect to streets and the improvement thereof, it is but a natural and logical presumption that. the streets are located within the limits of the city. The indulgence of this presumption is clearly within the appropriate definition of the term which is ''the probable inference which common sense, enlightened by. human knowledge and experience, draws from the connection, relation and coincidence of facts and circumstances with each other.''

The ordinance in judgment before us, providing for the grading of McGee street, and defining, as it does, the benefit district, clearly has reference to streets within the city adopting the ordinance. To what other streets could it refer? Kansas City is not interested as a municipality, in improving or grading streets, outside of its limits. Kansas City adopted this ordinance; it had the power under its charter to grade and improve streets; it was not necessary to repeat in the ordinance that the street was located in Kansas City. When the street sought to be improved was named, the presumption necessarily follows that the city is validly exercising the powers granted by its charter, and the street named is within the limits of the corporation.

In the case of Kansas City v. Smart, supra, it was contended that the record failed to disclose that the property sought to be condemned was in the State of Missouri or Jackson county. Upon that question the court, speaking through GANTT, J., said: ''As to this it will suffice to say that the charter of Kansas City is a public act, of which we are required to take notice. By section 2, article 1, of the charter, it is provided that the corporate limits of Kansas City shall include all that

district of country in the county of Jackson, State of Missouri. setting forth the boundaries by the surveys of the United States government, the State line and the Missouri river."

In further discussing that question, the court emphasizes the position that the ordinance being the act of the city, the streets described in the ordinance are, by reason of that fact, brought within the city limits. It said: "The ordinance is the act of this incorporated city, and the description of the streets upon which this improvement was proposed clearly brings it within the corporate limits of Kansas City."

In the case of Kansas City v. Vineyard, supra, the same question was involved as to the location of a street, which the ordinance did not state specifically. was located in Kansas City. The court, after ruling that it was manifest from the ordinance that the property affected was within the limits of Kansas City, Missouri, made this significant remark, which is specially appropriate to the question before us: "We must presume the city, by its ordinance, did not extend the street beyond its jurisdiction, and, if it undertook to do so, defendant should have pointed out the fact. The record sufficiently shows that the proposed extension is within the county of Jackson and the defined limits of the city," citing Sutherland v. Holmes. 78 Mo. 399; Long v. Wagoner, 47 Mo. 178.

So, adopting the conclusions reached as expressed by the court in that case, we must presume that Kansas City, by the ordinance it adopted relative to the grading of McGee street, did not have reference to a street not within the city limits; and if by such ordinance it intended to have application to a street not within the borders of the city, the appellant had an opportunity, and should have pointed out that fact.

We are clearly of the opinion that, it appearing from the ordinance filed in the circuit court, which forms the basis of this action, the ordinance was ad-

opted by the common council of Kansas City, it should be presumed that the street sought to be graded by said ordinance was located in said city. We will not indulge the violent presumption that the city was legislating upon a subject not within its powers; but will take that view dictated by ''common sense enlightened by human knowledge and experience,'' that in naming a street for improvement, it must be presumed, until the contrary appears, that the street mentioned is located in the city, and is a proper subject upon which the ordinance may operate.

Out attention is earnestly invited to the principles announced in numerous cases, that every essential prerequisite of the statute conferring jurisdiction must be complied with. It is sufficient to say that we fully concur in the principles announced in those cases, but they do not apply to the question presented by this record. We are not in this cause taking judicial notice that McGee street is located in Kansas City; but we do maintain that when Kansas City, of whose charter powers we take judicial notice, adopts an ordinance in respect to a street, it is a legitimate and logical presumption that it is exercising a power conferred by its charter relating to a street within its corporate limits.

This brings us to the last contention of appellant. It is insisted that the judgment in this proceeding is erroneous because of the want of service of process upon some of the other parties in interest, and the insufficiency of the notice by publication, as quoted in the statement of this case. It is sufficient to say as to this contention, that the parties who appellant claims are injured by this proceeding, are not before this court. We will heed their grievances when our attention is directed to them in an appropriate proceeding for that purpose. This judgment is not an entirety, the interests of the parties are independent of each other; the property damaged or benefited is not located at the same place. The rule as announced in the case of the City of St.

Louis v. Lanigan, 97 Mo. 175, is a complete answer to the position of appellant, in respect to this contention. The court in that case said: ''But this court will not lend a very attentive ear to such complaints on the part of the present defendant. He is not injured by any of the matters mentioned, and he has no right to the re-versal of a judgment for errors which do not affect him. [Papin v. Massey, 27 Mo. 445; Mead v. Brown, 65 Mo. 552.] Our statute forbids this court to 'reverse the judgment of any court unless it shall believe that error was committed by such court against the appellant or plaintiff in error, and materially affecting the merits of the action.' Another statute commands us to 'disregard any error or defect in the pleadings and proceedings which shall not affect the substantial rights of the adverse party.' Whatever wrongs Leamed, O'Fallon and McMahon may suffer will not affect the rights of the complaining defendant in this cause.''

From this clear statement of the rule it is apparent that appellant is in no position to complain of errors not affecting his interests.

Entertaining the views as herein expressed, the judgment of the circuit court will be affirmed. All concur.