# KANSAS CITY INTERURBAN RAILWAY COMPANY, Appellant, v. NELSON.

### Division One, February 22, 1906.

1. **CONDEMNATION: Petition: Description.** The petition set out in the statement sets forth a description of the real estate sought to be condemned for a public use and also the names of the owners thereof, and is not demurrable as for a failure to so state.

2. ———: ———: **Public Use.** It appears from the face of said petition that the land is sought to be condemned for a public use, namely, for the use of a regularly organized and chartered railroad.

3. ———: ———: **Other Lands Than Those of Defendant: Defect of Parties.** Even where it may inferentially appear on the face of the petition in a condemnation case that plaintiff's railroad is to be constructed and run over lands in the same county other than those of defendant, a demurrer to the petition cannot be sustained on the ground that it is essential to the maintenance of the plaintiff's action against a single landowner that all the other owners of such lands should be made parties defendant. The statute (sec. 1264, R. S. 1899) does not have that meaning, and the petition is not demurrable for that other owners are not joined, because it may appear on the hearing that plaintiff and the other owners may have agreed upon the compensation to be paid for their lands.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover*, Judge.

REVERSED AND REMANDED.

*Moore & Handy* for appellant.

(1) It is not necessary to join all persons owning tracts of land along the line of the proposed railroad in one county or circuit, not settled with, as parties defendant in one petition. R. S. 1899, sec. 1267; Railroad v. Railroad, 129 Mo. 70; R. S. 1899, sec. 1161. (2) Sections 1264, 1266 and 1267, Revised Statutes 1899, should be read and construed together. (3) These sections

should be so construed that all may stand if it is possible so to do. Manker v. Faulhaber, 94 Mo. 430; Curtwright v. Crow, 44 Mo. App. 567; Sutherland on Statutory Construction, secs. 239-41; St. Louis v. Howard, 119 Mo. 41; State v. Klein, 116 Mo. 265; Andrew County v. Schell, 135 Mo. 42.

*Wash Adams* for respondent.

(1) The statute creates and provides for one summary proceeding in each county or circuit through which the right of way of the proposed road is sought to be condemned, and expressly provides "to which petition the owners of all such parcels of land as lie within the same county or circuit shall be made parties defendant by name if the names are known, and by the description of the unknown owners of the lands therein described if their names be unknown." R. S. 1899, secs. 1264-1273; Railroad v. Irwin, 50 Mo. App. 552. (2) Being in derogation of common right, the rule *strictissimi juris* applies and every requirement of the statute must be fulfilled. Gray v. Railroad, 81 Mo. 135; Anderson v. Pemberton, 89 Mo. 61; Railroad v. Lewright, 113 Mo. 660; Railroad v. Campbell, 62 Mo. 585; Schaffner v. St. Louis, 31 Mo. 272; Lester v. St. Louis, 47 Mo. 477; Railroad v. Alley, 34 Mich. 16; Stanford v. Worn, 27 Cal. 171. (3) The petition itself must show on its face that it includes all land necessary to be condemned in Jackson county, and that the owners of all this land are made parties thereto by name. Honenstine v. Vaughn, 7 Blackf. 520; Kane v. Railroad, 112 Mo. 37; Lewis on Eminent Domain, sec. 349; Lane v. Miller, 17 Ind. 58; Hughes v. Sellers, 34 Ind. 337; In re Flatbush Ave., 1 Barb. 286; In re Washington Park, 52 N. Y. 131; Meyers v. Brown, 55 Ind. 598. (4) If a condemnation statute requires the petition to include the names of all landowners interested, the omission so to do is fatal on demurrer. Lewis on Eminent Domain, sec. 349; Honen-

stine v. Vaughn, 7 Blackf. 520; Lane v. Miller, 17 Ind. 58; Hughes v. Sellers, 31 Ind. 337; In re Flatbush Ave., 1 Barb. 286; In re Washington Park, 52 N. Y. 321; Meyers v. Brown, 55 Ind. 598.

BRACE, P. J.—This is an appeal by the plaintiff from a judgment of the Jackson Circuit Court in favor of the defendant, sustaining a demurrer to the plaintiff's petition in a condemnation proceeding.

The petition and demurrer are as follows:

PETITION.

"The plaintiff states that at the times hereinafter mentioned it was and still is a railroad corporation, duly organized under the laws of the State of Missouri, with principal office in Kansas City, Missouri, with full power and authority to construct, maintain and operate a standard gauge railroad for public use, in the conveyance of persons and property in the State of Missouri, from a point commencing at or about Forty-eighth and Main streets in Kansas City, Missouri, to a point at or near Dodson, in said Jackson county, Missouri, over and across the tract of land hereinafter mentioned; that the general direction of said line of railroad built and to be built by your petitioner from said beginning point is easterly and southerly.

"That your petitioner has heretofore filed in the office of the clerk of the county court of Jackson county, Missouri, at Kansas City, a profile map of the route intended to be used in the construction and operation of said railway, which profile map duly shows the actual survey, location and distances of the roadbed of said railroad, the congressional sections through which said roadbed is laid; showing the number of miles of main and side tracks of such road in said county, which map is duly certified by the president and engineer of the petitioner, and of which defendant had due notice.

"That said defendant, William R. Nelson, is the

owner and claims to be interested in the tracts of land hereinafter described over and across which it is contemplated to construct the main line of your petitioner's said road, and which your petitioner seeks to appropriate for public use for a right of way for its said railroad, and which right of way across said tract of land is necessary for said railroad. That said tracts of land are situate in the county of Jackson, in the State of Missouri, and described as follows: [Here follows a description of the land.] The petitioner shows to the court that easterly is the general direction in which it is desired and contemplated to build and construct the railway of your petitioner over and across the lands hereinbefore described, and that the railway proposed to be constructed across the above-described tracts of land is an extension of the petitioner's line of railway from said beginning point above mentioned.

"And the petitioner states that your petitioner and the said owners of said land above mentioned and sought to be condemned in this proceeding can not agree as to the compensation to be paid to them, or any of them, for the right of way for your petitioner's railway over and across said lands, or any part of them, though repeated attempts for an agreement for said compensation have been made by your petitioner and the said owner; and the said owner has likewise refused to relinquished said right of way over and across said land, or any part thereof, and has refused to make to the petitioner a voluntary conveyance of such right of way. The petitioner files herewith plats of the ground to be taken for said purposes, which are marked exhibits '1,' '2,' and '3.'

"Wherefore your petitioner prays for the appointment of three disinterested freeholders of Jackson county, Missouri, or by jury to assess the damages which said owner may sustain by reason of the establishment, erection, maintenance, and operation of said railroad of your petitioner over, across and through said land, in

accordance with the statutes of this State in such cases made and provided, and that summons shall issue herein notifying said defendant, as required by law, of the time and place when said petition shall be heard; and that this honorable court in the finding of and report of said commissioners may make such order or orders herein as right and justice may require."

### DEMURRER.

"Now comes the defendant in the foregoing cause and demurs to the petition of the plaintiff therein, and for grounds of demurrer says: That said petition does not set forth a description of the real estate which the plaintiff company seeks to acquire, nor the names of the owners thereof. It does not appear upon the face of said petition that the land is sought to be acquired for public use. It does appear upon the face of said petition that said railroad is to be constructed and run over lands in Jackson county other than those described therein, and that such owners are not made parties defendant to this proceeding, and that there is a defect of parties defendant. Wherefore defendant says said petition is insufficient and does not comply with the statute in such cases made and provided."

I. It is manifest that the demurrer could not be sustained upon either of the two first grounds stated therein, for the petition does set forth a description of the real estate sought to be condemned and the name of the owner thereof, and upon its face it does appear that it is sought to be condemned for a public use—i. e., a regularly organized and chartered railroad. [Kansas & Texas Coal Ry. Co. v. Northwestern Coal & Mining Co., 161 Mo. 288.]

But it is contended for the defendant that the demurrer was properly sustained on the third ground therein stated, i. e., that "it does appear upon the face of said petition that said railroad is to be constructed and run over lands in Jackson county other than those

described therein, and that such owners are not made parties defendant to this proceeding, and there is a defect of parties defendant.''

Conceding that it does inferentially appear on the face of the petition that plaintiff's railroad ''is to be constructed and run over lands in Jackson county other than those described'' in the petition, is it essential to the maintenance of plaintiff's action that all the other owners of such lands should have been made parties defendant in this proceeding? Counsel for defendant contends that it is, and for support of the contention relies upon section 1264, Revised Statutes 1899, by which it is provided that:

''In case lands or other property are sought to be appropriated by any road, railroad, telephone, telegraph or other corporation created under the laws of this state, for public use, and such corporation and the owners can not agree upon the proper compensation to be paid, or in case the owner is incapable of contracting, be unknown, or be a non-resident of the State, such corporation may apply to the circuit court of the county where said land or any part thereof lies, or the judge thereof in vacation, by petition, setting forth the general directions in which it is desired to construct their road, railroad, telephone or telegraph line over such lands, a description of the real estate or other property which the company seeks to acquire, the names of the owners thereof, if known, or, if unknown, a pertinent description of the property whose owners are unknown, and praying the appointment of three disinterested freeholders as commissioners, or by a jury, to assess the damages which such owners may severally sustain in consequence of the establishment, erection and maintenance of such road, railroad, telephone or telegraph line over such lands; to which petition the owners of all such parcels as lie within the county or circuit shall be made parties defendant, by name, if the names are known, and by the description of the unknown owners

of the lands therein described, if their names are unknown. . . . ."

We do not think this contention can be maintained. All the owners of land in a county over whose lands a railroad is to be constructed is not the class of persons against whom condemnation proceedings are provided for by this section of the statute. It is only against such of those owners as are either unknown, non-resident, incapable of contracting, or who do not agree upon a proper compensation to be paid for their lands that this proceeding is provided. Against such owners as are able to contract, and are willing to agree with the corporation upon a proper compensation for their lands, there is no necessity for condemnation proceedings and for such none is provided, and for aught that appears on the face of the petition, all the owners of land in Jackson county over whose lands the, plaintiff's railroad is to be constructed, except the defendant, may be of this class, i. e., owners who are capable of contracting and willing to agree upon a proper compensation to be paid by the corporation for their lands. It does not appear that any person other than the defendant is a necessary party under the provisions of this section, construing it strictly and as his counsel contends it must be construed. Counsel for appellant, however, meets the contention upon the broader ground, that even if it did appear that there were other owners of the class contemplated by this section of the statute, yet, when it is construed with other sections of the same statute, it becomes evident that such owners are not necessary parties to this proceeding according to the true legislative intent of the whole statute on the subject. But the demurrer does not reach that question, and we refrain from entering upon its discussion.

The judgment of the circuit court on the demurrer is reversed and the cause remanded for further proceedings.

All concur.