THE STATE ex rel. ELIZABETH SUMMERSON et al. v. JAMES E. GOODRICH, Judge of Circuit Court, and KANSAS CITY.

In Banc, April 2, 1914.

1. **CERTIORARI: Things for Review.** The writ of *certiorari* brings to the Supreme Court the record proper of the case begun in the trial court; and that being before the court, the things to be determined therefrom are whether the inferior court had jurisdiction; or, having it, abused it; or, if acting within its jurisdiction, the case could not be reviewed by appeal or writ of error.

State ex rel. v. Goodrich.

2. ———: Abuse of Jurisdiction: Grading Street. Where the petition of the city filed in the circuit court praying for the appointment of commissioners to assess whatever damages might be sustained by owners of certain abutting lots from grading a street, is drawn in substantial compliance with the municipal law governing such procedure and contains all averments necessary to give the court jurisdiction, and the subsequent proceedings up to and including the appointment of the commissioners (to which point the case had proceeded when the writ of *certiorari* was applied for) were likewise in conformity to the statute, there has been no such abuse of jurisdiction as to authorize the Supreme Court to interfere by its writ of *certiorari*.

3. ———: Interlocutory Order: Grading of Street: Commissioners to Assess Damages. The right to a writ of *certiorari* must be based upon a final adjudication of the matter involved. Where the cause to have damages assessed to abutting property owners caused by the grading of a street had proceeded no further in the trial court than the appointment of commissioners, the order appointing them was not a final determination of the proceeding, but merely interlocutory, and while no appeal or writ of error will lie therefrom, it will not suffice to authorize the issuance of a writ of *certiorari*.

4. ———: Substitute for Appeal: Improving Street: Assessment of Damages. The writ of *certiorari* cannot be used as a substitute for an appeal or writ of error. The statute provides that, if owners of property abutting on the street to be graded, are not satisfied with the assessment of damages made by the commissioners, they may file exceptions thereto and have a trial by jury, and if not satisfied with their verdict they may appeal; and hence the writ of *certiorari* should not be used to withdraw the case from the consideration of the trial court at any intermediate stage before judgment, for instance, at the time the commissioners are appointed.

5. ———: Grading Street: Assessment of Damages: Filing Ordinance. The fact that the city, when it brought its suit to have commissioners appointed to assess damages to owners of abutting lots caused by grading a street, did not file with the circuit clerk the ordinance authorizing the proceeding, will not justify the issuance of a writ of *certiorari*. The ordinance is no part of the record proper.

6. ADOPTION OF STATUTE: Is Adoption of Procedure. Where the charter authorized the city to proceed under ordinance to have damages assessed for a public improvement or by ordi-

nance to adopt for that purpose the condemnation statutes of the State, and the city by ordinance adopted those statutes, such parts of the procedure prescribed by such statutes as were applicable were likewise adopted.

## Certiorari.

WRIT QUASHED.

*Piatt & Marks* for relators.

(1) The passage of an ordinance and the filing of a certified copy thereof were conditions precedent to the making of any order whatsoever by the circuit court and because of the city's failure to comply with the charter requirements in that regard the circuit court was without jurisdiction or authority to issue summons or to appoint commissioners, and its orders so doing should be quashed. Kansas City Charter (1908), art. 6, sec. 17; *Ibid.*, art. 7, sec. 5; State ex rel. v. St. Louis, 67 Mo. 113; St. Louis v. Franks, 78 Mo. 41; Kansas City v. Ford, 99 Mo. 91; St. Louis v. Gleason, 89 Mo. 67, 93 Mo. 33; School Dist. v. Dorton, 125 Mo. 439; St. Louis v. Koch, 169 Mo. 587; City of Tarkio v. Clark, 186 Mo. 285; Williams v. Kirby, 169 Mo. 622; In re Bledsoe Hill, 200 Mo. 643; Whiteley v. Platte Co., 73 Mo. 30; Zimmerman v. Snowden, 88 Mo. 220; Spurlock v. Dornan, 182 Mo. 250; Railroad v. Young, 96 Mo. 43; Anderson v. Pemberton, 89 Mo. 61; Kansas City v. Smith, 238 Mo. 330. Section 18, article 7, of the charter, upon which respondent relies for authority to maintain these proceedings, does not dispense or purport to dispense with the necessity of passing and filing a certified copy of an ordinance as required by the two sections of the charter above cited, but simply attempts to authorize an additional method for ascertainment of damages. Said

section 18, article 7, is so limited both by its title
and by its terms. (2) The filing of a certified copy
of the ordinance being essential to jurisdiction of the
subject-matter in proceedings instituted under the
Charter of 1908, a record failing to affirmatively show
compliance with said requirement shows on its face
that the court had not acquired jurisdiction of the
subject-matter, notwithstanding a general recital in the
order appointing commissioners that, "the court finds
plaintiff has complied with all the conditions of the
charter of Kansas City and the statutes of Missouri."
Leonard v. Sparks, 63 Mo. App. 597; State ex rel. v.
Duncan, 150 Mo. App. 413; Kansas City v. Smith, 238
Mo. 330. And the conclusion so recited being flatly
contradicted by the record itself, the latter controls.
Crow v. Meyersieck, 88 Mo. 411; Cloud v. Pierce City,
86 Mo. 367; Adams v. Cowles, 95 Mo. 652; Blodgett
v. Schaefer, 94 Mo. 652; Milner v. Shipley, 94 Mo. 106;
Laney v. Garbee, 105 Mo. 355; Feurt v. Caster, 174
Mo. 303. (3) Even if the city were authorized to in-
stitute these proceedings under the provisions of ar-
ticle 7, chapter 12, R. S. 1899, (now Art. 2, chap. 22,
R. S. 1909), still this record should be quashed for
the reason that there was no finding made by the court
upon the issue whether or not relators had an oppor-
tunity to agree and could not agree with the city as to
damages. That issue tendered by the petition, was
squarely joined by the answers of relators, and the
court was without authority to appoint commission-
ers until it was first found to be a fact that the parties
could not "agree on the proper compensation." R.
S. 1909, sec. 2360; Lind v. Clemens, 44 Mo. 540; Leslie
v. St. Louis, 47 Mo. 478; Ells v. Railroad, 51 Mo. 200;
United States v. Reed, 56 Mo. 565; Railroad v. Camp-
bell, 62 Mo. 585; Railroad v. Young, 96 Mo. 39; Tarkio
v. Clark, 186 Mo. 299; Kansas City v. Smith, 238 Mo.
330. (4) If the proceeding in the circuit court was
a "civil action," within the meaning of our code of

civil procedure, then the new matter pleaded in relators' answers should have been taken as confessed, for failure of plaintiff to reply thereto. State ex rel. v. Riley, 203 Mo. 175; R. S. 1909, sec. 1810. Relators had the right to tender the issues of fact pleaded in their answers, to-wit, that the proceedings are *ultra vires* because instituted for the private and exclusive benefit of the Kansas City Terminal Railway Company, and that no attempt had ever been made by the city to agree with relators as to compensation, which issues the court was bound to determine before commissioners could lawfully be appointed. By ignoring these issues and appointing commissioners without any finding upon said questions of fact, the court clearly overstepped and exceeded its powers. Railroad v. Railroad, 94 Mo. 543; State ex rel. v. Engelmann, 106 Mo. 633; Kansas City v. Smith, 238 Mo. 330.

*Andrew F. Evans* and *Francis H. Hayward* for respondents; *Samuel W. Moore, Samuel W. Sawyer* and *Clarence S. Palmer* of counsel.

(1) *Certiorari* does not lie. State ex rel. v. Walbridge, 123 Mo. 532; State ex rel. v. Edwards, 104 Mo. 125; State ex rel. v. Snyder, 47 Mo. App. 675; State ex rel. v. Shelton, 154 Mo. 693; Railroad v. Railroad, 94 Mo. 535; Clemons v. Insurance Co., 184 Mo. 46; Smith v. Sedalia, 244 Mo. 107. (2) Under the provisions of the charter of Kansas City, the filing in the circuit court of the ordinance providing for the proceeding to ascertain damages was not only unnecessary but would have been improper. Charter of Kansas City, art. 7, secs. 4-18; R. S. 1909, chap. 22, art. 2; 1 Lewis, Em. Dom. (3 Ed.), sec. 404; Kansas City v. Duncan, 135 Mo. 571. (3) The alleged failure to agree with the defendants does not affect the validity of the proceeding. R. S. 1909, sec. 2360; Cory v. Railroad, 100 Mo. 291; Railroad v. Townsite Co., 103 Mo. 469; Bridge Co. v. Stone, 194 Mo. 187; Kansas City

v. Mastin, 169 Mo. 92; Kansas City v. Block, 175 Mo. 433; St. Louis v. Lanigan, 97 Mo. 179; Blair v. Railroad, 89 Mo. 395; Green v. Walker, 99 Mo. 68; Turley v. Edwards, 18 Mo. App. 681; 3 Cook on Corporations (6 Ed.), sec. 741; State v. Superior Court, 91 Pac. (Wash.) 639; Same Title, 92 Pac. 269, 93 Pac. 423; Bridge Co. v. Stone, 194 Mo. 187.

WALKER, J.—This proceeding is based upon a writ of *certiorari* issued out of this court to the circuit court of Jackson county.

On October 2, 1912, one of the respondents, as plaintiff in the original action, to-wit, Kansas City, through its counsel, filed in said circuit court a petition praying for the appointment of commissioners to assess whatever damages might be sustained by owners of certain lands abutting on Independence avenue in said city by reason of the grading of said avenue, and to fix the compensation to which said owners were entitled on account of said grading. This petition was filed under the authority of section 18, article 7, Charter of Kansas City of 1909, which is as follows: "In addition to the method hereinbefore provided in this article for ascertaining the damages, if any, arising from proposed grading or regrading of any street, avenue, alley or public highway, or part thereof, whenever the city shall deem it necessary, and by ordinance so determine, it may adopt the same procedure for ascertaining the damages caused by such grading or regrading as is prescribed in the general laws of the State for the appropriation and valuation of lands taken for telegraph, telephone, gravel and plank or railroad purposes, being article 7 of chapter 12 of the Revised Statutes of Missouri of 1899. Upon paying to the clerk of the circuit court the amount of damages awarded, the city shall have the right to proceed with such grading or regrading, notwithstanding the filing of exceptions to such award, and any sub-

sequent proceedings shall only affect the amount of compensation to be paid.'' [Now Art. 2, chap. 22, R. S. 1909.]

On the day the petition was filed, a summons was issued for the defendants, who were the abutting property owners, returnable October 16, 1912.·

On the return day the defendants appeared and through counsel made return by a motion to dismiss and quash the proceedings, which motion was by the court on October 17, 1912, overruled. On October 18, defendants filed separate answers to the petition, and on October 19, 1912, commissioners were appointed by the court to assess the damages and fix the compensation to which the abutting owners were entitled by reason of the grading of said avenue.

The commissioners were appointed and sworn, whereupon defendants, who are the relators here, applied for and were granted a writ of *certiorari* to bring the record before this court for review.

The petition filed herein to determine the damages for the grading of said Independence Avenue is substantially as follows:

It states the incorporation of plaintiff and certain of the defendants, and alleges the authority of Kansas City, under its charter, to open and establish public streets, provide for the grading or regrading of same, and for the payment of damages caused thereby to abutting property owners, and avers its authority to institute, in the circuit court, proceedings to determine any damages which may result to private property, if any, by the grading or regrading of any avenue, alley, etc. It further alleges that by an ordinance, therein designated by number, entitled, ''An ordinance providing for and authorizing the work of grading Independence Avenue from a point,'' etc.—here follows a particular description of the part of said avenue to be graded—according to the grade established and the width provided in the ordinance referred to; that

defendants are the owners or claim to be the owners, or claim an interest in the lands abutting upon said portion of said avenue required to be graded by said ordinance—following this the tracts of land owned or claimed to be owned by said defendants are particularly described, according to government subdivisions. It is further alleged that said land may be disturbed or damaged by said grading, and that the owners have not waived all right or claim to damages, and may be entitled to remuneration or damages under the State Constitution; that it is provided by the ordinance for grading said avenue that this plaintiff shall institute proceedings in the circuit court under the provisions of chapter 22, article 2, of the Revised Statutes of Missouri of 1909, for the purpose of determining what damages, if any, are suffered by defendants on account of the proposed change of grade and the grading of said avenue as aforesaid. The filing therewith of a plat showing the location of the property of defendants, which contains a profile of the proposed change of grade, together with the general manner of constructing the street affected by said grade, is also alleged. The allegation is also made that plaintiff has been unable to agree with the defendants or any of them as to the amount of damages to which they or any of them are entitled. It, therefore, prays for the appointment by the circuit court of three disinterested freeholders, residents of Jackson county, as commissioners, to assess the damages which the respective owners of said lands and any person or persons having an interest therein may sustain by reason of the grading of said avenue, and to fix the compensation by which said respective owners and such person or persons having any interest therein may be entitled on account of said grading.

I. *Certiorari.* Under our procedure the office of the writ of *certiorari* is the same as at common law,

and, consistent with the letter and spirit of existing statutes, our courts may properly adopt the usages and principles applicable to the issuance of the writ as same may have been developed under the common-law system. [State ex rel. v. Wurdeman, 254 Mo. 561.] The office of the writ as developed under our procedure, following the precedents of the common law, is to bring the record of the proceedings of inferior courts before a superior court to determine the legality of the former's acts. [State ex rel. v. Wiethaupt, 254 Mo. 319.] The writ, therefore, brings up for review the record proper which, in this case, consists of the pleadings, the order for the summons, the summons, the return of service and the order appointing the commissioners. [Smith v. Moseley, 234 Mo. l. c. 495.] The record being before us, it remains to be determined therefrom whether the lower court had jurisdiction, or, having it, abused same, or if acting within its jurisdiction the proceeding could not be reviewed by appeal or writ of error. [State ex rel. v. Shelton, 154 Mo. 670.]

A comparison of the petition with the requirements of section 18, article 7, of the Charter of Kansas City, and of article 2, chapter 22, Revised Statutes 1909, to which said section, supra, refers for its procedure, shows that the petition is drawn in substantial compliance with the requirements of said section of the municipal law and the State statute and contains all the necessary averments to give the circuit court jurisdiction. [K. C. Int. Ry. Co. v. Nelson, 193 Mo. 297.]

The subsequent procedure up to and including the appointment of the commissioners is likewise in conformity with the requirements of the statute (Secs. 2360-2362, R. S. 1909) and no well-defined objections can be made thereto. There appears, therefore, to have been no such abuse of jurisdiction as to authorize our interference; but it remains to be determined, if

the trial court had jurisdiction, is the proceeding such that the same cannot be reviewed upon final determination by appeal or writ of error? This cause had proceeded no further in the trial court than the appointment of the commissioners, which was not a final determination of the proceeding, but was merely interlocutory in its nature, and, therefore, as a consequence no appeal or writ of error would lie therefrom. [St. Joe Term. Ry. v. Railroad, 94 Mo. 1. c. 540.] But an interlocutory order, which if erroneous may be corrected pending the proceeding, will not suffice to authorize the issuance of a writ of *certiorari* (State ex rel. Walbridge v. Valliant, 123 Mo. 524; State ex rel. v. Edwards, 104 Mo. 125); the right to the writ must be based upon a final adjudication of the matter involved. Upon the report of the commissioners being filed with the clerk of the court, it becomes the latter's duty to notify the defendants whose property is affected, of the filing thereof, and such defendants are thereupon authorized to file written exceptions within ten days thereafter. Such exceptions may, under a reasonable construction of the statute, be in the form of an answer, or as specified objections, or, in fact, in any form which will bring clearly to the court's attention the grounds of defendant's complaint. Thereupon the court is required to make such order therein as right and justice may require, and order a new appraisement upon good cause shown. Such new appraisement shall, at the request of either party, be made by a jury under the court's supervision as in the case of ordinary inquiries as to damages. [Sec. 2364, R. S. 1909.] Upon the refusal of the court to grant such new appraisement, or upon the bringing in of the verdict of the jury and the rendition of a judgment thereon, an appeal is authorized. [Sec. 2038, R. S. 1909; So. Ill. & Mo. Bridge Co. v. Stone, 194 Mo. 175.] It is the well settled law of this State that where a court

257 Mo. 4

has jurisdiction and its action can be reviewed by appeal or writ of error, *certiorari* will not lie. [State ex rel. v. Mosman, 231 Mo. 474; State ex rel. v. Shelton, 154 Mo. 670.] If this were not true, then the writ might be used to withdraw any case, at an intermediate stage, from the consideration of the trial court and submit it to the final determination of the superior tribunal issuing the writ; or, in other words, at each successive step of the proceeding in the court below, the case might be brought before the superior court for review and the jurisdiction would, therefore, be transferred from the tribunal invested by law with authority over the subject-matter, and transferred to the superior court for final determination. This would in effect render the writ a substitute for appeal or writ of error, which is an unauthorized exercise of same. [State ex rel. v. Mosman, supra.]

II. *Filing of Ordinance.* Relators contend that the trial court was without jurisdiction, because, as they allege, the ordinance authorizing the proceeding was not filed with the circuit clerk, and that this was a condition precedent to the institution of the suit.

The petition pleads the ordinance by number, title and date of approval, and relators demonstrate their familiarity with same by setting it up in their answers. The plea of its non-production, therefore, is purely technical, and we will presume that the trial court, having conformed in other respects with the requirements of the statute, proceeded regularly in this regard. [Kansas City v. Block, 175 Mo. 433; St. Louis v. Lanigan, 97 Mo. l. c. 179.] The record proper to which our consideration is limited in cases of this character, shows clearly that the trial court had jurisdiction of the persons and subject-matter, and the ordinance referred to being no part of the record proper will not, therefore, be considered. There may be a question, which we do not decide, as to whether in a case pre-

senting the facts of the one at bar, the filing of the ordinance is a necessary prerequisite to the institution of the suit, but in any event we hold that relators' contention is without merit.

III. *Manner of Procedure.* The purpose of this proceeding would have been as well if not better served had the same been prosecuted under an ordinance of the city found in the same article of the charter as section 18, supra, embodying all the necessary provisions as to procedure, without reference to a state statute, many of the provisions of which are not in harmony with the purposes of said section 18. The incongruities are not sufficient, however, to render the ordinance invalid, and we are, therefore, authorized in referring to the State statute for the procedure necessary to the enforcemnt of the ordinance so far as the statute is applicable thereto. The rule being well established in other jurisdictions that where one statute adopts the procedure outlined in another, such parts of the procedure as are applicable may be adopted. [Phillips v. Co. Commissioners, 122 Mass. 258; McSweeney v. Commonwealth, 185 Mass. 371; Water Dist. v. Waterville, 96 Me. 234; 1 Lewis's Em. Dom. (3 Ed.), sec. 404.]

Being satisfied from the record as to the trial court's jurisdiction and that same has not been abused, and that relators have an ample right to redress in an appeal or writ of error after a final judgment rendered herein, we are of the opinion that our writ should be quashed, and it is so ordered. All concur.