LOUISIANA & FRANKFORD PLANK ROAD Co., Respondent, v. PICKETT, Appellant.

1. The eighth section of the "act to authorize the formation of associations to to construct plank roads and macadamized roads," approved February 27, 1851, (Sess. Acts, 1851, p. 259,) is in conformity to the constitution in so far as it authorizes the jury, appointed to assess the damages received by the land owner, to take into consideration the "advantages of said road to said owner."

2. The "advantages" which may be taken into consideration in determining the "just compensation" to which the land owner is entitled, are the direct and peculiar benefits or advantages accruing to him in particular in respect of the residue of his land unappropriated, and not any general benefit or increase of value received by such land in common with other lands in the neighborhood.

3. The provision contained in the eighth section of the "act to authorize the formation of associations to construct plank roads and macadamized roads, (Sess. Acts, 1851, p. 259,) authorizing the appointment of a "jury of *five* disinterested land owners of the county to assess the damages," &c., is in conformity with the constitution; they do not perform the proper and usual functions of a *jury* in civil or criminal cases.

| 25 | 535 |
| 120 | 122 |
| 25 | 535 |
| 128 | 80 |
| 128 | 291 |
| 25 | 535 |
| f80a | 178 |

*Appeal from Pike Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*E. Hunt*, for appellant.

I. The "just compensation" to which the defendant was entitled was the value of the land taken without regard to any supposed advantages of the road to the defendant. (Constitution, art. 13, § 7.)

II. This value should be assessed by a jury of twelve men.

III. The proceedings are also erroneous and void because they do not show what quantity of land has been taken for the road; how wide a strip or how long; or where it enters or leaves the quarter section; nor is there any description separating it from the land not taken for the road.

*A. H. Buckner*, for respondent.

I. No exceptions were taken to the direction of the court to the jury as to the mode of assessment; nor was the objection made before the jury.

II. The road had been surveyed and located, and the petition states the quarter section through which the road is located; so that if the award of the jury does not specify the particulars, they can be made perfectly certain. " That is certain which can be made certain." (4 Whart. 47.)

III. The act is constitutional so far as it authorizes the advantages to be set off against the injury sustained. (8 Barr. 445; 13 Barb. 169; Whitman v. Wilmington R. R. Co. 2 Harring. 514.) Damages may be assessed in any fair and equitable way without a jury. (Gardner v. Newburg, 2 Johns. Ch. 162, Jackson v. Winn, 4 Litt. 323; 2 Mass. 489; 4 Whart. 47.)

NAPTON, Judge, delivered the opinion of the court.

The application of the Plank Road Company to the justice, in this case, stated that the road, as surveyed and located by their engineer and adopted by their board of directors, ran over the defendant's land, and the quarter section occupied and owned by the defendant is particularly described; but the exact route of the road is not specified any further than by reference to the survey of the engineer, which was not made a part of the petition nor filed with the papers.

In the circuit court, to which the case ultimately went by appeal, a jury of five men was ordered, and it was agreed that their sealed verdict should be filed in vacation and a judgment entered thereon by the court. At the first term of the court after the verdict was rendered, a motion was made to set aside the proceedings and dismiss the case, 1st, because the 8th section of the act of February 27, 1851, entitled "An act to authorize the formation of corporations to construct plank roads and macadamized roads," was unconstitutional; 2d, because a jury of *five* men instead of twelve were ap-

Louisiana & Frankford Plank Road Co. v. Pickett.

pointed; 3d, because the jury were directed to allow advantages to set off the value of the land; 4th, because the application to the justice was not specific enough in relation to the exact position and quantity of the land desired to be condemned.

Upon this motion all the proceedings before the justice, and the appointment of a jury or commissioners by the circuit court, and the instructions of the court to the commissioners, were submitted to the court, and the motion overruled and bill of exceptions taken. The instructions thus referred to in the bill of exceptions are as follows: "The jury shall go upon the land over which the road is proposed to run, and shall assess the damages sustained by said Pickett, taking into consideration the advantages, if any, which said road may be to said Pickett, and the jury shall make out in writing their verdict and all shall sign it, and it shall be sealed and delivered to the clerk by one of the jurors."

The point in relation to the constitutionality of the law in question has been already considered and decided by this court in the case of Newby v. Platte County, ante, p. 258. The instruction given by the court was erroneous in not restricting the jury to such direct and peculiar benefits or increase of value as were occasioned to that part of Pickett's land not taken for the road, and directing them to discard from their consideration any general benefit or increase of value received by such land in common with other lands in the neighborhood. This has been determined to be the proper construction of this and similar statutes. (See Newby v. Platte County, ante, p. 258; Pacific Railroad v. Chrystal, post, p. ——.)

The appointment of five instead of twelve men to assess the damages is not, in our opinion, inconsistent with the constitution. That provision in the state constitution which declares that the right of trial by jury shall remain inviolate is not applicable to cases of this character. The persons appointed to assess the damages in cases of this kind do not perform the proper and usual functions of a jury in civil or

criminal trials. They might with more propriety be termed commissioners, and their number is a matter of discretion with the legislature. (Livingston v. The Mayor of New York, 8 Wend. 100.)

The application to the justice should have stated with more certainty the particular land desired; but as the line of the road was surveyed, and a reference made to the survey in the application, we should not for this cause alone think it necessary to reverse the judgment. The motion to dismiss was properly overruled; but the court should have appointed another commissioner with proper instructions.

The other judges concurring, the judgment is reversed, and the cause remanded.

RICHARDSON, Judge. I concur in the reversal of this judgment because it does not appear, from any part of the record, what portion of the defendant's land the plaintiff proposed to take and occupy for its road. The survey is not made a part of the petition, and is not referred to in the judgment; and, as it does not appear where it is filed, it can not connect itself with the proceedings so as to identify the land sought to be taken. The commissioners may have estimated the damages in reference to a particular location of the road through the defendant's land, and reported no injury; whereas, if afterwards the plaintiff should adopt a different route than that examined by the commissioners, the defendant might suffer great loss, which he could not avert by the judgment of condemnation; for it fails to show the line of the road in reference to which the estimate was made.

But I am not satisfied with the rule which the majority of the court have laid down in reference to the computation of benefits to be set off against the damages for the right of way. I do not think the point is decided in Newby v. Platte County. (See ante, p. 258.) The learned judge who delivered the opinion in that case mentions the rule adopted in Massachusetts, and suggests that the legislature seems to have recognized the principle in the St. Louis charter; but he

does not give his own opinion, and the question was left open. I have always supposed that the constitutional provision, that " no private property ought to be taken or applied to public use without just compensation," only meant that the person whose property is taken for a public work should be indemnified against loss, and that it was only intended to secure redress for any damage that might result from the exercise of the right of eminent domain. Compensation is an equivalent for property taken or for an injury done to another; and the spirit of the term "just compensation" is preserved when the person whose property is taken is made whole. If the owner is benefited more than he is injured, it can not be said that he has sustained a loss or that he has not received a "just compensation." The constitution does not determine how the equivalent shall be made; but it seems to me that it does not contemplate the payment of damages to an owner for the privilege of running a road through his land, when the enhanced value given to the land is greater than any injury it sustains; and any appreciable advantage accruing to the property ought to be taken into the account in appraising the damage.

If a railroad is made through a tract of land of one thousand acres, worth five dollars per acre, situated in a large prairie remote from fuel, timber or market, and ten acres of the land, worth fifty dollars, are taken for the road, but the direct and certain consequence of the location of the road is to enhance the value of the whole tract ten dollars per acre, it could hardly be said that the owner was damaged, or that he should be paid a premium for having a market and other conveniences brought to his door. And though his neighbor, whose lands are not touched, may also be benefited by the construction of the road, his gain is none the less, and he can not complain that the enhancement is not local and peculiar to him alone. The material question is whether the property, in reference to the value of the whole tract, is benefited or injured.

This view of the subject is maintained with much ability

by the courts of several of our sister states. (Greenville & Columbia R. R. Co. v. Porltow, 5 Rich. 428; 8 Penn. 441; Alton & Sang. R. R. Co. v. Carpenter, 14 Ill. 190 ; Pierce on Am. R. R. Law, 206.)