ST. JOSEPH v. GEIWITZ et al., Appellants.

### Division Two, February 21, 1899.

1. **Cities of Second Class**: CONDEMNATIONS: ACT OF 1893: NOTICE. Under "an Act in relation to the condemnation of private property to public use in cities of the second class," approved March 28, 1893, the city after passing an ordinance in pursuance of the act, presented its petition to the circuit court for the opening and extension of a street, and summons was issued and duly served on defendants, notifying them that on the day therein named commissioners would be appointed to assess the damages and benefits. The commissioners were duly appointed and made their assessments and return, without notice to the property owners and without giving them an opportunity to be heard before them. *Held*, that, since the summons issued upon the petition presented to the judge, was served upon them, no further notice was necessary, but they were bound to take cognizance of all acts or steps thereafter taken in the proceeding; and hence the clause of the Constitution prohibiting the taking of "private property for public use without due process of law," was not violated. *Held*, also, that, as defendants appeared and excepted to the report of the commissioners, they had their day in court.

2. ———: ———: ———: COMMISSIONERS' REPORT: CONFIRMED IN PART. The court, in such a proceeding, may confirm the report of the commissioners as to part of the lots, and appoint new commissioners to assess damage and benefits against the rest.

3. ———: ———: ———: TRIAL BY JURY. At common law the right
of trial by jury in condemnation proceedings by a municipal corpo-
ration, did not exist, and as there is neither a constitutional nor a
statutory provision conferring such right, it does not now and never
did exist in this State. Hence the court did not err in refusing the
property owner's demand, after his exceptions to the report of the
commissioners were overruled, for a trial by a jury.

4. ———: ———: ———: METHOD OF ASSESSING DAMAGES. In con-
demnation proceedings by a city it is not proper to pay the property
owner the value of the land taken for a street, and damages to the
remainder of the land, irrespective of the benefits. (Following
Newby v. Platte County, 25 Mo. 258.)

*Appeal from Buchanan Circuit Court.*—HON. H .M.
RAMEY, Judge.

AFFIRMED.

JOHN DONIPHAN for appellant Geiwitz.

(1) It was error to affirm part and reject part of the
commissioners' report. Railroad v. King, 58 Mo. 491. The
award allows $173.30 as value of the defendant's property
taken, damages at $100 and charged him with benefits at
$183.30. The evidence shows the value of the property
taken at over $2,000, while the damages were about as much
as the benefit. (2) Defendant was entitled to a jury of
twelve men. Railroad v. Strong, 96 Mo. 611; Railroad v.
Miller, 106 Mo. 458; Railroad v. Randolph Town Co., 103
Mo. 451; Railroad v. Alroth, 13 Mo. App. 91. (3) In as-
sessing benefits, the court in fact held that the five acre tract
of defendant Loan, with streets on three sides of it, should
pay benefits on a theory as to its value, when platted in small
lots. (4) We claim that defendant should be paid for the
value of lands taken, irrespective of benefits. Since 1857
the courts of Missouri have followed the opinion of the ma-
jority in the case of Newby v. Platte Co., 25 Mo. 258. Judge
Leonard in delivering the opinion held that the State had
power to assess benefits against the property taken, on account

of the power of taxation. We scarcely think that could be held under a strict construction of the present constitution. In that case, Judge Scott dissented, and in several cases since dissenting opinions have been filed, and several decisions rendered without a full court. Since that time many States have formed constitutions requiring the property taken to be paid for, and several have so held from constitutions reading like section 21, article 2, of the Missouri Constitution of 1875. Carpenter v. Jennings, 77 Ill. 250; Iswom v. Railroad, 36 Miss. 300; Elizabethtown v. Helm, 8 Bush. 681; Worfolk v. Railroad, 2 Swan. 422; Harris v. Mason, 57 Texas, 477; Whitehead v. Railroad, 28 Ark. 450; Cleveland v. Wick, 18 Ohio St. 303.

JAS. F. PITT for appellant Loan.

(1) No other ordinance is contemplated by the act, except that the council may, by section 4 of the act, provide by ordinance for the collection of benefit assessments. The regulation of that matter, aside from the initial step, is all that the act relegates to the legislative discretion of the common council. (2) The central thought of the act of '93 is that the notice to the property owner to appear at the appointment of commissioners brings him into court, and into the proceeding, for all purposes. Not only is this the sole notice prescribed, but the departure from precedent, especially as found in the law for condemnation in railroad cases, shows that this one notice was deemed all sufficient. So that upon inspection of the act of '93 it is plain that the legislature contemplated no hearing to the owner except before the judge, first at the appointment of the commission and second upon exceptions, and that this single notice was sufficient to protect the rights he had, however inconvenient it might be without further notice to watch for the filing of the report and get his exceptions in within the ten days prescribed. The act not only fails to provide for

any notice or method of trial before the commission, but by its terms points out that they shall proceed without a hearing. (3) Statutes authorizing the exercise of the power of eminent domain are to be strictly construed, they must provide for a hearing, and the courts are not at liberty to supply their defects. Lewis on Em. Dom., sec. 368; Lowry v. Rainwater, 70 Mo. 159; Clark v. Mitchell, 64 Mo. 577; Cooley's Const. Lim. (6 Ed.), 651; St. Louis v. Ranken, 96 Mo. 507; Williams v. Monroe, 125 Mo. 587; People v. Tollman, 36 Barb. 222. (4) No authority can be found to the effect that notice in the one case will answer for notice in the other. All the authorities require the tribunal to give a hearing, whether the owner may have a voice in its appointment or not. Lewis on Em. Dom., sec. 366; St. Louis v. Ranken, 96 Mo. 497; Stuart v. Palmer, 74 N. Y. 183; Paulsen v. Portland, 149 U. S. 30. (5) The Constitution does not contemplate that either a commission or jury shall proceed without a hearing, and the fact that the commission in this case did so proceed must operate a reversal.

CASTEEL & HAYNES for respondent.

(1) Acts of the Legislature are presumed to be constitutional and it is only when they manifestly infringe on some provision of the Constitution that they can be declared void for that reason. State v. Able, 65 Mo. 357; Phillips v. Railroad, 86 Mo. 540. (2) And in case of doubt every possible presumption, not directly inconsistent with the language and subject, is to be made in favor of the constitutionality of the act. Stephens v. Bank, 43 Mo. 385; State v. Railroad, 48 Mo. 468; St. Joseph v. Crowther, 142 Mo. 155. (3) And, further, all courts presume that the acts of the Legislature are constitutional and the burden is upon him who alleges the contrary to prove it beyond a doubt. State v. Addington, 77 Mo. 110. (4) When the summons provided for is served

·on a property owner, then he must take cognizance of all succeeding acts of the commissioners. In other words the party is in court for all purposes until the final disposition of the case.    (5)    As far .back as the 25 Mo., at page 535, in the case of Louisiana & Frankford Plank Road Co. v. Pickett, it was held that in assessing damages a common law jury was not required by the Constitution.    St. Joseph v. Crowther, 142 Mo. loc. cit. 161.    (6)    Appellant Geiwitz complains of the action of the court in affirming a 'part of the report of commissioners.    Wherein he was injured by the action of the court does not appear.    In fact there is no pretext that he was injured.    The act of '93 makes it the duty of the commissioners to assess the value of each piece of property separately that is proposed to' be taken for the improvement, together with the damages and benefits arising from the improvement, so that the court may readily find that the commissioners have been just as to a part.

BURGESS, J.—This is a proceeding instituted by the ·city of St. Joseph, a city of the second class, under the provisions of an act of the General Assembly of the State of Missouri, entitled "An act in relation to the condemnation of private property for public use in cities of the second class," approved March 28, 1893 (Laws of 1893, p. 62), for the purpose of opening and extending Seventeenth street in that city.

After passing an ordinance in pursuance of the act, the ·city presented its petition to one of the judges of the circuit ·court of Buchanan county, in vacation, and thereupon a summons was issued which was duly served, notifying defendants ·that on a day therein named commissioners would be appointed to assess the damages and benefits to their property which was sought to be condemned for, or damaged by reason of, the ·extension of said street.    The commissioners were duly appointed, and made their assessment and return, without notice to the property owners, or without giving them any opportunity to be heard before them.    By this report the damages

and benefits were assessed in gross to each individual owner, but afterwards an amended report was filed making the assessments separately. To this amended report defendants Gottlieb Geiwitz and Emeline E. Loan filed exceptions. The exceptions were overruled and the report of the commissioners approved. After unsuccessful motion for a new trial Geiwitz and Loan bring this case to this court by appeal.

While it is stated in the brief presented on the part of the defendant Loan, that but two grounds are insisted upon for a reversal of the judgment, namely, that the Act of 1893 is unconstitutional, and, second, that the commissioners proceeded without giving the defendants an opportunity to be heard on the question of damages, they are substantially but one and the same question, that is, that the law is unconstitutional because it makes no provision for notice and hearing before the commissioner, and, therefore is taking private property for public use without due process of law within the meaning of section 30, article II, Constitution of Missouri.

After the service of the summons issued upon the petition presented to the judge, no further notice to those thus served was necessary, but they were bound to take cognizance of all acts or steps thereafter taken in the proceeding.

That appellants did take cognizance of the acts of the commissioners is evidenced by the fact that, after they made their report, appellants filed exceptions thereto, and thus availed themselves of their constitutional right to be heard upon the question of damages. Because of the mere fact that they were not notified of the exact time when the commissioners would view the property, and pass upon the question of damages and benefits thereto, appellants were deprived of no rights guaranteed to them, as they thereafter had their day in court, and were granted a hearing on exceptions to the commissioners' report. This was all that was necessary. [Hager v. Reclamation District, 111 U. S. 701.] While this question was not passed upon in City of St. Joseph v.

Crowther, 142 Mo. 155, the act in question as a whole was held to be constitutional, the court saying: "Every presumption must be indulged in favor of the validity of the act . . . . . . . We feel no hesitancy in holding the act constitutional."

It seems that the commissioners' report was confirmed as to all the lots therein described except two, viz., lots five and six in block two in Donnell's addition, and as to them the court appointed new commissioners, and in this defendant Geiwitz contends, committed error in this, that the report could only have been confirmed as a whole. We know of no law that prohibits the confirmation of a report of this character in part, and can conceive of no good reason why the course pursued was not a proper one. Defendant does not even claim that his rights were in any way prejudiced by the course pursued, hence he has no apparent cause to complain.

After the exceptions of this defendant to the report of the commissioners were overruled he demanded a trial by jury which was denied, and in this also he claims that error was committed.

At common law the right of trial by jury in condemnation proceedings did not exist, and in the absence of a constitutional or statutory provision conferring such right, it does not now and never did exist in this State. [Railroad v. Railroad, 118 Mo. 599, and authorities cited; 64 Mo. 573.]

Kansas City v. Vineyard, 128 Mo. 75, was a proceeding by that city, to condemn private property for the purpose of extending one of its streets, and it was held that a municipal corporation is not an incorporated company within the meaning of section four, article twelve of the Constitution of this State, which provides that "the right of trial by jury shall be held inviolate in all trials of claims for compensation, when in the exercise of said right of eminent domain, any incorporated company shall be interested either for or against the

exercise of such right," and conferred no right upon a person whose land was sought to be condemned for the extension of the street, to a trial by jury on the question of damages. [See, also, Kansas City v. Hill, 80 Mo. 535; Kansas City v. Smart, 128 Mo. 272; Mills on Eminent Domain (2 Ed.), sec. 91.]

As there is neither constitutional provision nor statute which entitled Geiwitz to trial by jury, no error was committed in refusing his request for such trial.

A final contention is that defendant should be paid for the value of the land taken; and damages to the remainder of the tract, if any, by reason thereof, irrespective of benefits, and in view of the fact that the courts of so many States have announced the law according to this contention, we are asked to re-examine the question in the light of recent decisions, but as it would serve no useful purpose we must decline to do so, as whatever the law may be in other jurisdictions, the rule announced in Newby v. Platte County, 25 Mo. 258, which is adverse to this contention, has been too long adhered to, to be overthrown or departed from.

The judgment must as to both appellants be affirmed, and it is so ordered.

GANTT, P. J., and SHERWOOD, J., concur.