CITY OF ST. LOUIS v. ROE et al., Appellants.

**Division Two, November 22, 1904.***

CONDEMNATION: Corporation: Right To Jury Trial. Where the real estate of an incorporated company, such as a railroad corporation, is affected by a condemnation proceeding, and such company demands a jury to try the cause, that right cannot, under the Missouri Constitution, be denied.

Appeal from St. Louis City Circuit Court.—*Hon. Leroy B. Valliant*, Judge.

REVERSED AND REMANDED.

*L. F. Parker* and *J. T. Woodruff* for appellants.

*Chas. W. Bates* for respondent.

---

* Note.—This case was decided on June 9, 1903, but the opinion handed down on that day was subsequently modified and a rehearing denied, November 22, 1904.

St. Louis v. Roe.

GANTT, P. J.—This is an appeal from a judgment of the circuit court of St. Louis in a proceeding to establish and open Park avenue in said city between Grand avenue and Old Manchester road. Commissioners were appointed and made their report and when the exceptions came on to be heard, the St. Louis & San Francisco Railroad Company, one of the parties through whose real estate the proposed street would run, requested a jury to try the cause, and this request was denied by the circuit court and the company duly excepted.

Prior to the adoption of the Constitution of 1875 the right of trial by jury was not secured, either by the Constitution or laws of this State, in proceedings for the condemnation of property in the exercise of eminent domain. It was so held in Louisiana, etc., Road Co. v. Pickett, 25 Mo. 535, and the right to demand a jury of twelve has never been recognized or conceded by this court since the adoption of our Constitution of 1875, except in those cases falling within the provisions of section 4 of article 12 which ordains that "the right of trial by jury shall be held inviolate in all trials of claims for compensation, when in the exercise of said right of eminent domain, any *incorporated company* shall be interested either for or against the exercise of said right."

In Kansas City v. Smart, 128 Mo. 272, and Kansas City v. Vineyard, 128 Mo. 75, this court held that a municipal corporation was not an incorporated company within the purview of this provision of our Constitution.

In those cases the appellants were private citizens and not incorporated companies, and hence no error was committed in denying them a common law jury; but the appellant railroad company falls strictly within the command of the organic law, and it was error to have denied a jury to assess its damages under proper

directions.   As said by MACFARLANE, J., in Vineyard's case, supra, ''The language of the Constitution being clear, there need be no inquiry into the reason for the distinction made.   But a reason can be found in the very objects and purposes of the respective corporations. . . .   In order to protect and secure the rights of both the corporations and the people, which may be thought to be in antagonism, a jury trial was very properly given when demanded by either.''   The learned city counselor confesses error on this point.

At the hearing of this case counsel for defendant was heard orally on other propositions involved in the cause, but counsel for the city, in view of the fact that the judgment must be reversed, declined to argue those questions.

In view of the fact that the facts will necessarily be developed in full on a new trial, and may differ essentially from those now presented, it is deemed best to reverse the case on the confession of error, and the statement of the right of the appellant company to a jury trial.

Accordingly so much of the opinion heretofore filed as relates to propositions on which the city declined to be heard, is withdrawn, and the judgment is accordingly reversed, and the cause remanded for a trial on the ground that a jury trial was improperly denied the appellants.   *Burgess* and *Fox, JJ.,* concur.