## ST. LOUIS, MEMPHIS & SOUTHEASTERN RAILROAD COMPANY, Appellant, v. DRUMMOND REALTY & INVESTMENT COMPANY.

### Division One, June 29, 1907.

1. **CONDEMNATION: Commissioners' Award: Payment and Acceptance.** The payment into court of the amount of the commissioners' award in a railroad condemnation case and the receiving of it by the landowner does not preclude him from further litigating before a jury the question of the amount of his compensation. And if the jury awards a larger sum, the fact that the landowner has taken down the amount awarded by the commissioners and deposited in court for him by plaintiff, does not deprive him of the difference between the two awards —that is, an amount equal to the jury's verdict.

2. ——: ——: ——: **Jury Trial.** It is again held that the Constitution does not mean that when the board of commissioners assess damages in a condemnation proceeding their award is final; but that, on the contrary, it means that either party dissatisfied with their award, may, by timely exceptions, have a jury of not less than twelve freeholders to determine the compensation to be paid.

3. ————: **Tract as Entirety: Instruction.** Where the evidence shows that defendant's tract of land, consisting of seven hundred and ninety-four acres, located near to and partly within the city of St. Louis, was more valuable as an entirety than if cut up into lots, it is not error to tell the jury that, if they find that to be a fact, notwithstanding parts of the tract are separated from other parts by a public highway, then, in estimating defendant's damages, they may take into consideration, not only the part taken for a right of way, but the depreciation, if any, in the market value of the tract as a whole.

4. ————: ————: ————: **Evidence of Entirety.** Public roads through the tract are not sufficient to destroy the continuity of the tract or its value as an entirety. And where there is no evidence tending to show that the roads effected such a division of the property into separate bodies that there was nothing left of the entirety feature of the whole tract except the ownership, the jury should not be told not to consider damages to the tract as a whole.

5. ————: **Excessive Award.** The commissioners awarded defendant nine thousand four hundred and seventy dollars as damages for plaintiff's right of way through a tract of seven hundred and ninety-four acres of land lying chiefly near to but partly within the city of St. Louis, that had cost one hundred and seventy-five thousand dollars and was improved at a cost of one hundred and twenty-five thousand dollars. *Held*, that the jury's verdict of twenty-two thousand five hundred dollars, in view of the evidence, is conservative.

Appeal from Gasconade Circuit Court.—*Hon. Wm. A. Davidson*, Judge.

AFFIRMED.

*L. F. Parker* and *John W. Booth* for appellant.

(1) Respondent having accepted the damages awarded by the commissioners, there was nothing left for trial by jury. (a) In the appropriation of land for a public use the appropriator may pay the damages awarded by the commissioners, take possession of the land, apply the same to public use, and yet file and prosecute exceptions to the award. This, however, is solely for the reason that it is authorized by the statute. R. S. 1899, secs. 1266 and 1268. But this does not necessarily

confer upon the land-owner (whether a corporation or a private person), the right to file and prosecute exceptions after accepting the damages awarded by the commissioners. We have failed to find any Missouri case bearing on this question which does not appear to overlook matters vital to the proper interpretation of the statute, or in which the short notes of briefs of counsel, contained in the reports, seem to indicate that all such matters were called to the notice of the court. (b) The question presented in this point is purely a question of the proper construction of sections 1266 and 1268, Revised Statutes 1899, and there is nothing in section 21, article 2, nor in section 4, article 12, of the Constitution, which calls for or authorizes any other construction of said sections 1266 and 1268 than the very words of the statute of themselves require. Section 21, article 2, of the Constitution of Missouri of 1875, applies to every possible exercise of the right of eminent domain for a public use, and leaves it to the legislative department of the State to say whether the compensation to the owner shall be ascertained by "a board of commissioners" or by "a jury." Its language in this behalf is: "Such compensation shall be ascertained by a jury or board of commissioners of not less than twelve freeholders, in such manner as shall be prescribed by law." This covers the whole subject — authorizing the Legislature to provide for the compensation being ascertained by commissioners, or by jury (trial). Section 4 of article 12 provides that "The right of trial by jury shall be held inviolate in all trials of claims for compensation, when in the exercise of the right of eminent domain any incorporated company shall be interested either for or against the exercise of said right." This can not be reduced to the form, "The right of trial by jury shall be held inviolate in all claims for compensation, when in the exercise of the right of

eminent domain any incorporated company shall be interested either for or against the exercise of said right,'' because this would be a practical repeal of the words, ''in all trials of claims for compensation.'' Unless these words, ''in all trials of claims for compensation,'' be refused any force, section 4, article 12 applies only to trials provided for, by law, under the authority of section 21 of article 2. That is, to such (jury) trials as the statute may authorize — and then only in case an incorporated company may be interested either for or against the exercise of the right of eminent domain. And, inasmuch as at common law the right of trial by jury in such proceedings did not exist, the legislative powers may under these two sections of the Constitution authorize trial, of the amount of compensation for land taken under the power of eminent domain, by a jury of less than twelve men, in all cases, except when an incorporated company is interested for or against the exercise of said right. The full force of said section 4 of article 12 goes only to secure a trial by a jury of twelve men when the law provides or gives a right to such trial. It has nothing in it compulsorily requiring the law-making power in any case to do more than provide for a board of commissioners to ascertain the compensation to be paid. Rothan v. Railroad, 113 Mo. 132; Lewis on Em. Dom., sec. 531. (2) Though lands separated by public highways may constitute a single tract, yet unity of ownership is not of itself enough to require them to be treated as one tract in proceedings for condemnation to a public use. There must be something in the facts from which it may appear that each part is so situated or is of such a character that its convenient use with the other parts gives some value to all the parts as an entirety which would not exist with reference to the several parts taken separately. Railroad v. Aubuchon, 199 Mo. 352.

*James L. Minnis* for respondent.

(1) The receipt by respondent of the sum awarded by the commissioners as damages did not preclude respondent from the right to have the damages assessed by a jury. Railroad v. Aubuchon, 199 Mo. 352; Rothan v. Railroad, 113 Mo. 132; Railroad v. Fowler, 113 Mo. 473; Railroad v. Clark, 119 Mo. 357; Railroad v. Fowler, 142 Mo. 687; Railroad v. Donovan, 149 Mo. 103; Railroad v. McElroy, 161 Mo. 591; State ex rel. v. Fort, 180 Mo. 103; Railroad v. Roberts, 187 Mo. 319. (2) Respondent's instruction 1 was proper. Railroad v. Aubuchon, 199 Mo. 352; Union Elevator Co. v. Railroad, 135 Mo. 365; 2 Lewis on Eminent Domain (2 Ed.), secs. 465 and 471a; Railroad v. Shoemaker, 160 Mo. 432. (a) Appellant by its instructions 1 and 2 submitted the case to the jury on precisely the same theory as set forth in respondent's instruction 1, and will not therefore be heard to complain. Harrington v. Sedalia, 98 Mo. 583. (b) If respondent's instruction 1 was erroneous in the particular complained of, it was cured by appellant's instruction 8. Norton v. Kramer, 180 Mo. 536; Perrette v. Kansas City, 162 Mo. 238. (3) Instruction 9 offered by appellant was properly refused. Authorities cited under point 1. Instruction 8, given at the instance of appellant, covers the same subject, and is more favorable to appellant than its refused instruction 9. Casey v. Gill, 154 Mo. 184. (4) The damages awarded by the jury are not excessive. Railroad v. Knapp-Stout & Co., 160 Mo. 416; Kansas City v. Bacon, 147 Mo. 274.

VALLIANT, P. J.—This is a proceeding begun in the circuit court of St. Louis county by the plaintiff railroad company to condemn a right of way for its railroad through land of the defendant in that county. The commissioners made their report assessing defendant's damages as $9,470, which amount plaintiff paid

into court and took possession of the land. In due time defendant filed exceptions to the report and demanded a jury to assess the damages; afterwards defendant demanded of the clerk the money paid into court and it was delivered to him. When the exceptions came on to be heard the court sustained the same and ordered a new assessment of damages to be made by a jury. On application of plaintiff the venue was changed to Gasconade county; the cause was tried in the circuit court of that county with the result of a verdict of the jury assessing defendant's damages at $22,500, whereupon the court rendered judgment for defendant for $13,030, being the amount of the jury's award less $9,470, the amount of the commissioners' report which the defendant had already received; from that judgment the plaintiff has appealed.

I.    Plaintiff's first proposition is that defendant having accepted the damages awarded by the commissioners that was the end of the controversy, there was nothing left for trial by the jury.

This court has already decided that point against the plaintiff's contention in several cases, the last one being a case in which this plaintiff was a party. [St. Louis, Memphis & S. E. R. R. Co. v. Aubuchon, 199 Mo. 352.] The law is that the condemning corporation shall pay the amount of the commissioners' award into court as a condition precedent to its taking possession of the land, and upon such payment the corporation may take possession and proceed with the construction of its road, and at the same time the owner of the land so taken or damaged may take the amount of money so deposited, but the payment of the award into court does not preclude the corporation nor does the receiving of it by the land-owner preclude him from further litigating the question of the amount of compensation. Notwithstanding such payment into court by the plaintiff and such receiving of the amount by the defendant,

either party may, within the time prescribed, file exceptions to the commissioners' award and litigate the *ad quod damnum* question to a final judgment. [Rothan v. Railroad, 113 Mo. 132; Railroad v. Clark, 119 Mo. 357; Railroad v. Fowler, 142 Mo. 670; Railroad v. Donovan, 149 Mo. 93; Railroad v. McElroy, 161 Mo. 584.]

The learned counsel for appellant think that in our former decisions a word in section 4, article 12, Constitution, has not been given due consideration, that is, the court has not observed the significance of the word "trials" but has treated it as synonomous with the word "claims." The language of section 4 is: "The right of trial by jury shall be held inviolate in all trials of claims for compensation, when in the exercise of the right of eminent domain, any incorporated company shall be interested either for or against the exercise of said right." The point advanced is that in such case the right of trial by jury in that section guaranteed applies only to trials provided for by act of the General Assembly under authority of section 21, article 2 of the Constitution where it is ordained: "Such compensation shall be ascertained by a jury or board of commissioners of not less than twelve freeholders, in such manner as may be prescribed by law." And it is argued that since the Legislature under authority of that section of the Constitution has chosen, in section 1266, Revised Statutes 1899, to provide for the ascertainment of the damages by a board of commissioners instead of a jury, there is to be no trial in the sense in which that word is used in section 4, article 12. We cannot follow that argument without bringing the two sections of the Constitution mentioned into seeming conflict. Since section 21 of article 2 confers on the General Assembly the right to prescribe a procedure for the assessment of damages either by board of commissioners or a jury; if section 4, article 12 guarantees a right of trial by jury only in case the General Assembly sees

fit to so provide under the authority conferred in section 21, article 2, then section 4, article 12 might as well have been omitted from the Constitution. In Rothan v. Railroad, above referred to, the court discussed these two clauses of the Constitution as bearing on the subject we are now considering and placed a construction on them which renders both of them effective and in harmony with each other. Referring to section 4 of article 12 the court in that case, per BLACK, J., said: "It has been before this court on various occasions, and we have uniformly held that it secures to either party a trial by jury in the class of cases there mentioned; that the proceeding to condemn may be commenced by the appointment of commissioners, but if either party demands a jury to re-assess the damages the court has no discretion in the matter, and a jury must be awarded." [Citing cases.]

We are satisfied with our former decisions on this subject.

II. The defendant's land consisted of a tract of 794 acres lying chiefly in St. Louis county, partly in St. Louis city. It was purchased by the late Mr. Drummond in his lifetime at the cost of $175,000, and was improved at the cost of $125,000. There are two public roads crossing the land, but, according to defendant's testimony, it was held, used and occupied as one body of land and esteemed particularly for that fact. The testimony for defendant tended to show that the tract as an entirety located so near the city was more valuable than if cut up into lots. In instruction number 1 for defendant the court said: "In passing upon this question [compensation] the jury should consider all the land owned by the defendant mentioned in the evidence, as one tract or body, if they believe from the evidence that the defendant used and occupied its said land as an entirety or as one place or premises at the time of the location of plaintiff's railroad on defend-

ant's land, notwithstanding parts of the same are sep-
arated from other parts thereof by public highways;
and if the jury believe from the evidence that all of
said land was so used and occupied by the defendant
and that the same constituted one tract or body of
land,'' then in estimating the damages the jury should
take into account not only the land taken but the depre-
ciation, if any, in the market value of the whole tract.
Plaintiff objects to the part of the instruction which
authorizes the assessment of damages to the whole
tract as an entirety.

The instruction does not assume that the land was
used and occupied by the defendant as one tract, but
submits the question of whether or not it was so to the
jury and only authorizes the jury to consider the dam-
age to the whole tract as an entirety provided it was
so used and occupied. We find no fault with that. The
plaintiff's instructions were along the same line.

In the second instruction for plaintiff the measure
of damages is stated to be ''the difference in the fair
market value of defendant's whole property before and
after the appropriation by the plaintiff of the strips,''
and so forth. And in instruction 8 for plaintiff the
jury are directed that if they find that any part of de-
fendant's land was not damaged they should not allow
any damages for such part.

Plaintiff complains of the refusal of its 9th instruc-
tion, which is as follows: ''If the jury believe from
the evidence that the lands of the defendant referred
to in the evidence in this case were divided into three
separate bodies by public roads, in such a manner that
there was no other connection between them than that
all were the property of one owner; and that any one
or more of such separate bodies was not in fact dam-
aged by the taking of part of defendant's land for rail-
way purposes, then in their assessment of damages in
this case the jury will not allow anything as damages

to any of such bodies of said land as on the evidence they may find has not in fact been, damaged by the taking for railroad purposes of the land actually taken by plaintiff.''

There was evidence to show that there were three public roads, one forming the western boundary and two crossing the defendant's land, thus dividing the tract into three parts, assuming the roads to be divisional lines, but there was no evidence tending to show that those roads effected such a division of the property into separate bodies as that there was nothing left of the entirety-feature of the whole tract except the ownership.

Under that instruction the jury would have been authorized, if they had seen fit to do so, to find that the three roads alone were sufficient to destroy the continuity of the tract. The instruction was properly refused.

III.    The third assignment is that the damages awarded are excessive.

In view of the evidence we think the award was a very conservative one.

The judgment is affirmed. All concur.