## FRANCES–RALPH REALTY CO. v. UNITED STATES. *
### No. 9150.

Circuit Court of Appeals, Eighth Circuit.
July 30, 1931.

J. L. London, of St. Louis, Mo. (Leahy, Saunders & Walther, of St. Louis, Mo., on the brief), for appellant.

John C. Dyott, Sp. Asst. to the U. S. Atty., of St. Louis, Mo. (Louis H. Breuer, U. S. Atty., of Rolla, Mo., on the brief), for the United States.

Before STONE and GARDNER, Circuit Judges, and MARTINEAU, District Judge.

GARDNER, Circuit Judge.

The United States brought proceedings in the lower court, under the provisions of the Act of Congress of May 15, 1928 (33 USCA § 702a et seq.), to condemn certain lands. There were two proceedings brought, but they were consolidated, and the issues were the same in each case. No questions are raised as to the sufficiency of the pleadings. The Act of May 15, 1928, provides, among other things, as follows: "Sec. 4. The Secretary of War may cause proceedings

*Rehearing denied October 22, 1931.

to be instituted for the acquirement by condemnation of any lands, easements, or rights of way which, in the opinion of the Secretary of War and the Chief of Engineers, are needed in carrying out this project, the said proceedings to be instituted in the United States district court for the district in which the land, easement, or right of way is located. In all such proceedings the court, for the purpose of ascertaining the value of the property and assessing the compensation to be paid, shall appoint three commissioners, whose award, when confirmed by the court, shall be final. When the owner of any land, easement, or right of way shall fix a price for the same which, in the opinion of the Secretary of War is reasonable, he may purchase the same at such price," etc. 33 USCA § 702d.

Viewers were appointed for the purpose of ascertaining the value of the property and assessing the compensation to be paid, and they made their report and return of awards. The government filed exceptions to the awards, alleging, among other things, that they were excessive. At this stage of the proceedings, counsel for the respective parties filed a written stipulation containing the following provision: "Now, for the purposes of the trial of said exceptions, it is hereby stipulated by and between the parties to the said causes and their respective counsel, that if the court should sustain the exceptions of plaintiff, then instead of recommitting the said causes to the same or different viewers or commissioners, the court shall consider the evidence submitted by the plaintiff and the defendants upon such exceptions, and determine therefrom the amount of damages to be awarded in the said two causes, and to render judgments accordingly in favor of the defendants and against the plaintiff in the said causes, the parties hereto hereby agreeing to waive the recommitment of the said causes and that the finding of the court as to damages shall be substituted for and taken in lieu of a new finding by the viewers."

The matter was brought on before the court for hearing on plaintiff's exceptions, both the plaintiff and the defendant offering testimony going, not only to the engineering features of the contemplated project, but the value of the property to be taken, and the amount of damages resulting from the construction of the improvement. At the opening of this hearing, and before the introduction of any testimony, counsel for defendant filed a motion to affirm the award of the

commissioners, and this motion was renewed at the close of the whole case. The commissioners had returned an award of $33,993 in one case, and an award of $25,484.38 in the other. On hearing before the court these awards were reduced to $11,988.60 in one case and to $23,579.80 in the other.

The judgment as entered recites a waiver of a jury, but it was contended in the lower court, and is urged here, that this recital was not warranted. At the time of the hearing, the written stipulation was presented to the court, and immediately thereafter there occurred a colloquy between court and counsel, brought about by the assertion of the court that:

"* * * It may be necessary for the record to show that a formal oral waiver of a jury is had. Waiver can be had now, since May 15th.

"Let the record show that the parties plaintiff and defendants, respectively, by their attorneys, and in open court, orally waive a jury, and agree that the case should be submitted, as per stipulation filed, or something of that sort."

Counsel on both sides asserted that they thought no jury was allowable under the proceedings, but the court insisted that a jury was permissible. It was the contention of the appellant that the court was acting merely upon exceptions to an award, while the court seems to have been of the view that the exceptions to the award required a trial de novo of the question of the damages, and that in such trial either party had a right to demand a trial by jury.

On this appeal, appellant contends that proper procedure permitted the trial court only to pass upon the exceptions to the award and to set aside the award only for some reason going to its regularity, and that it did not permit the court to set it aside on the ground that the court might differ as to the amount of the award, and that the only ground upon which the court in fact reached a different conclusion from that of the commissioners was that it was of the opinion that the commissioners had not fixed and determined a proper amount. Appellant, in support of its contention, urges that the Act of May 15, 1928, supra, is exclusive, and that it fully prescribes the method of procedure, and hence it was improper to invoke, as the lower court did, the provisions of the Act of 1888, making the state procedure applicable. Counsel for appellant, in their brief, say: "The real question in this case is whether or not the Floodway Act sufficiently prescribes the method of procedure. Appellant contends that the act fully sets out the method of procedure."

In our view of this case, we are not called upon to determine this question. No question is raised as to the regularity of the actions of the lower court up to the time of the hearing on the exceptions filed to the report of the commissioners. The exceptions filed included various exceptions to the effect that the awards were excessive. This was the state of the record when the parties filed their written stipulation by which they voluntarily prescribed the procedure that should be adopted, and authorized the court, in the event that it should sustain the exceptions, to determine from evidence submitted the amount of damages to be awarded, "and to render judgments accordingly in favor of the defendants and against the plaintiff in said causes, the parties hereto hereby agreeing to waive the recommitment of said causes, *and that the finding of the court as to the damages shall be substituted for and taken in lieu of a new finding by the viewers.*" (Italics ours.)

The court, by necessary implication, sustained the exceptions to the effect that the awards were excessive, and, having so done, it was specifically authorized by the stipulation to determine the damages, and this is exactly what the court did. The particular grounds or reasons stated by the court for its action are immaterial, so long as the action taken was correct. In other words, we are interested in the correctness of the decision, and not in the correctness of the reasons therefor. We do not mean to intimate, however, that the reasons assigned by the lower court were not sound. We simply hold that the action of the court was authorized and warranted by the written stipulation of the parties, and hence appellant cannot now urge that it was prejudiced thereby.

If we accept appellant's contention that the Flood Act was exclusive in matter of procedure, still the action taken by the lower court did no violence to that act, and was in exact response to the written stipulation of the parties.

The judgment appealed from is therefore affirmed.