## UNITED STATES v. HESS. *
### No. 9805.
Circuit Court of Appeals, Eighth Circuit.

Feb. 27, 1934.

George C. Sweeney, Asst. Atty. Gen. (Louis H. Breuer, U. S. Atty., of Rolla, Mo., Bryan Purteet, Asst. U. S. Atty., of St. Louis, Mo., and John C. Dyott and Aubrey Lawrence, Sp. Assts. to Atty. Gen., on the brief), for the United States.

R. B. Oliver, Jr., of Cape Girardeau, Mo. (R. B. Oliver, Allen L. Oliver, and Oliver & Oliver, all of Cape Girardeau, Mo., on the brief), for appellee.

Before GARDNER and WOODROUGH, Circuit Judges, and MARTINEAU, District Judge.

WOODROUGH, Circuit Judge.

Proceedings were regularly instituted by the United States against one Price F. Hess, a lady residing in Charleston, Mo., and others, to condemn a flowage easement over tracts of land in Mississippi county, Mo., in furtherance of the Mississippi flood control project created by the Act of May 15, 1928, 45 Stat. 534, title 33 USCA, c. 15, § 702a et seq. Upon filing the petition, process was served upon the owners, and three commissioners were appointed by the District Court as provided by the act, and they duly reported an award of damages. Both the government and the owners filed exceptions to the award. The landowner, Price F. Hess, included in her exceptions demand "that a new assessment and appraisement be ordered made by a jury under the supervision of the court as in ordinary cases in inquiry of damages." The trial court thereupon vacated the award reported by the commissioners and set the case down for trial by jury. Thereafter it impaneled a jury to try de novo the question of the amount of compensation. The government contended that "the. law places the burden upon the court (to determine the issue on the exceptions to the award) rather than a jury." The trial court directed that the record should show that it was a case in the opinion of the government "wherein a jury is not warranted by law" and that "the government objects to the submission of the case to a jury." An exception was allowed to the ruling of the court that the trial should proceed by jury. The issue as to the amount of damages was submitted to the jury, and, upon return of the jury verdict, the trial court entered judgment thereon. The government appeals from the judgment upon the ground that the Flood Control Act does not accord to property owners affected the right to trial by jury of the amount of compensation payable in condemnations under the act,

*Rehearing denied 71 F.(2d) 78.

and that the trial court erred in refusing to review the award without a jury.

The relevant provision of the Flood Control Act (section 4 [33 USCA § 702d]) concerning condemnation proceedings thereunder is: "In all such proceedings the court, for the purpose of ascertaining the value of the property and assessing the compensation to be paid, shall appoint three commissioners, whose award, when confirmed by the court, shall be final."

It is contended for the landowner that the procedure in condemnations under the Flood Control Act is covered by the Conformity Act (28 USCA § 724), and that, under the mode of procedure in like causes in the courts of record of the state of Missouri, she had the right to trial by jury.

The effort of the government on this appeal is to have the general question determined whether property owners have the right to jury trial on the amount of damages in condemnations under the Flood Control Act in those states within the area of the flood control project where the laws of the state require such mode of procedure in condemnation proceedings. The project is very extensive, and contemplates a continuance of operations which necessitate numerous condemnations in several states, and the importance of the question is manifest. It was discussed before this court in the appeal of Frances Ralph Realty Co. v. United States, 52 F.(2d) 92, but it developed in that case the parties had voluntarily prescribed the procedure that should be adopted in the condemnation involved and were bound by their written stipulation, so that the general question was not for decision by this court. Again, in this case, we find other considerations which appear to us determinative of the appeal.

It is apparent that the Flood Control Act does not by any of its terms confer the right of jury trial on the issue of damages upon property owners affected and made parties to the condemnation proceedings instituted under the act. It says that in such proceedings the court shall appoint commissioners whose award, when confirmed, shall be final; the confirmation referred to in this context meaning obviously the exercise of discretion upon a judicial review of the award of the commissioners. 1 Words and Phrases, Fourth Series, 185, 499; 4 Corpus Juris, 1462; 20 Corpus Juris, 1041.

Whether the language is compatible with trial of the amount of damages by jury is the point we do not decide. Reference is only to the fact that the act itself does not by its terms confer the right to such trial upon the property owner. As the right to jury trial on the amount of her damages was not conferred upon the appellee, Price F. Hess, by the Flood Control Act itself, and she was therefore compelled to and did rely upon the provisions of the Conformity Act to justify her demand for jury trial, it was incumbent upon her to point out Missouri law in conformity with which the federal court would be called on to impanel a jury in her case.

Examination of the relevant Missouri constitutional provisions and statutes does not disclose that the right of jury trial is accorded generally to individual persons whose property is taken in condemnation proceedings in that state, either upon the issue of public use, article 2, § 20, Constitution of Missouri; City of Savannah v. Hancock, 91 Mo. 54, 3 S. W. 215; Cape Girardeau v. Houck, 129 Mo. 607, 31 S. W. 933; or on the issue of the measure of compensation, article 2, § 21, and article 12, § 4, Id. The provisions of the Constitution as to eminent domain relevant to this case, in which only the ascertainment of the amount of compensation is involved, are:

Article 2, § 21. *"Private property for public use—compensation.*—That private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be prescribed by law; and until the same shall be paid to the owner, or into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein divested. The fee of land taken for railroad tracks without consent of the owner thereof shall remain in such owner, subject to the use for which it is taken."

Article 12, § 4. *"Eminent domain, right of State in corporation property—trial.*— The exercise of the power and right of eminent domain shall never be so construed or abridged as to prevent the taking, by the General Assembly, of the property and franchises of incorporated companies already organized, or that may be hereafter organized, and subjecting them to the public use, the same as that of individuals. The right of trial by jury shall be held inviolate in all trials of claims for compensation, when in the exercise of said right of eminent domain, any incorporated company shall be interested either for or against the exercise of said right."

Price F. Hess being an individual person and no incorporated company being interest-

ed within the meaning of the provision, it is apparent that the Missouri Constitution gives no support to her demand for jury trial. Numerous statutory enactments in Missouri are annotated[1] indicating provisions made by the Legislature of the state for the exercise of the right of eminent domain by various parties for various purposes. It appears that in condemnation proceedings prosecuted by utility corporations there is, conformable to the constitutional requirement, a right to trial by jury on the issue of the amount of damages. K. C., C. & S. Ry. v. Story, 96 Mo. 611, 10 S. W. 203; Chicago, M. & St. P. Ry. v. Randolph Town-Site Co., 103 Mo. 451, 15 S. W. 437; Chicago, S. F. & C. Ry. v. Miller, 106 Mo. 458, 17 S. W. 499; Chicago, S. F. & C. Ry. v. McGrew, 113 Mo. 390, 21 S. W. 201; S. M. & A. R. Co. v. Woodard, 193 Mo. 656, 92 S. W. 470; St. Louis, M. & S. E. Ry. v. Drummond Realty & Inv. Co., 205 Mo. 167, 103 S. W. 977, 120 Am. St. Rep. 724; St. Louis, etc., Ry. v. Pfau, 212 Mo. 398, 111 S. W. 10; article 12, § 4, Constitution of Missouri. On the other hand, in condemnation proceedings by cities of certain classes, the compensation is to be arrived at by award of commissioners reviewable by the court, without a jury. There are many cases cited from Missouri in which determination of compensation on condemnations have been finally made by the courts upon awards of commissioners reviewed and settled without jury trials. St. Louis v. Smith, 325 Mo. 471, 30 S.W.(2d) 729, April Term 1930; St. Louis v. Schopp, 325 Mo. 480, 30 S.W. (2d) 733; Kansas City v. Vineyard, 128 Mo. 75, 30 S. W. 326; Kansas City v. Smart, 128 Mo. 272, 30 S. W. 773; St. Joseph v. Geiwitz, 148 Mo. 210, 49 S. W. 1000; Louisiana

---

[1] Rev. St. Mo. 1929; Mo. St. Ann.:

Sections 1340–1349, condemnation proceedings by corporations (road, railroad, telephone, telegraph, electric, oil, gas, pipeline); complete procedure outlined, insuring new assessment by a jury upon request.

Sections 14066 (cemetery purposes), 7914 (road and bridge purposes), 8140–8143 (state highway commission—lands, property, and plants), 9215 (all schools for school sites), 5075 (exposition companies), 8568 (state eleemosynary institutions), 7650 (city waterworks), 8111 (state highway commission—rights of way, bridges, road materials, detours, etc.), 9626 (State University), 12058 (counties—courthouses, jails), 12470 (board of agriculture—state fair purposes), all shall follow procedure outlined in sections 1340–1349, supra.

Sections 4681–4684, condemnation by railroads of rights of way, depot sites "may proceed in manner as is now provided by law for condemnation of other lands" (sections 1340–1349). Sections 4964 (manufacturing and business corporations—water mains), 8220 (fish and game commission—state parks), shall follow procedure outlined for acquisition of rights of way by railroads.

Section 13981, condemnation for hospital purposes (other than state); no procedure outlined. Section 14239, lands for city parks; procedure same as for several classes of cities (chapter 38). Section 7840, roads and bridges; complete procedure outlined for assessment without the intervention of a jury. Section 10893, sanitary drainage districts; may call upon city or county to condemn in manner guaranteeing due process. Section 7097, villages, street purposes; procedure outlined. On appeal from approval of award by board of trustees, the appeal to be tried according to law.

Cities of the first class: Sections 6264–6269, streets, sidewalks, alleys, etc.; assessment by three commissioners, and report subject to review of circuit court; no right to trial by jury. Section 6274 for other city purposes except parks, boulevards etc.; same procedure as above. Sections 6312, 6313, parks and boulevards; procedure outlined and section 6314 provides for trial by jury only if an incorporated company is interested.

Cities of the second class: Section 6647, sewers; same procedure as for other property condemned for public use. Section 7650, waterworks; procedure same as for condemnation by railroad companies. Section 6628 et seq., private property for public use; complete procedure outlined, and assessment of damages by a jury provided.

Cities of the third class: Section 6853 et seq., private property for public use; complete procedure insuring jury trial upon request. Section 6807, hospitals, waterworks, workhouses, etc. (within or without city); procedure for condemnation outside the city shall follow that of railroad corporations; Section 6815, rights of way for gas and electric lines; no procedure. Section 6825, sewers; follow condemnation procedure specified in section 6853. Section 6828, county roads, streets; procedure, same.

Cities of the fourth class: Sections 7079 to 7090; reassessment by jury provided. Section 7023, waterworks, hospitals, workhouses; follows procedure outlined for railroads. Section 7028, electric power building purposes. Section 7029, rights of way and ground for waterworks purposes. Section 7062, streets; follows condemnation statutes, supra. Section 7035, private sewers; to follow procedure outlined for railroads.

& Frankford Plankroad Co. v. Pickett, 25 Mo. 535. It appears that the condemnation proceedings in Missouri in which jury trial is of right to the owner of the property are cases in which railroads, utilities, and the like corporations are the moving parties, or in which the owners of the properties condemned are corporations, and in special cases where jury trials are specifically provided for; but the fixing of compensation upon awards of commissioners to be approved or confirmed by the court and without jury trial is familiar practice sanctioned by law in Missouri. The United States government is not an entity analogous to profit earning corporations, or within the purview of the statutes prescribing the mode of condemnation proceedings applicable to such corporations.

█ It is clear that under the common law there was not accorded to the property owner, whose property was taken through eminent domain proceedings, a right to have the amount of compensation found by jury. 20 Corpus Juris, 999; Lewis on Eminent Domain, vol. 2, § 509; Nichols on Eminent Domain, vol. 2 (2d Ed.) 938; 10 Ruling Case Law, 187; Bauman v. Ross, 167 U. S. 548, 17 S. Ct. 966, 42 L. Ed. 270. That such .was the state of the common law is recognized in the decisions in Missouri. Louisiana & Frankford Plankroad Co. v. Pickett, 25 Mo. 535; Kansas City S. B. R. Co. v. Kansas City St. L. & C. R. Co., 118 Mo. 599, 24 S. W. 478; St. Joseph v. Geiwitz, 148 Mo. 210, 49 S. W. 1000; St. Louis v. Roe, 184 Mo. 324, 83 S. W. 435; Kansas City v. Smith, 238 Mo. 323, 141 S. W. 1103; St. Louis v. Smith, 325 Mo. 471, 30 S.W.(2d) 729; St. Louis v. Schopp, 325 Mo. 480, 30 S. W. 733. None of the provisions of the Federal Constitution requires that the property owner be given the right of jury trial on the issue of the amount of his compensation in eminent domain proceedings. Curtiss v. Georgetown & Alexandria Turnpike Co., 6 Cranch, 233, 3 L. Ed. 209; Secombe v. Railroad Co., 23 Wall. 108, 23 L. Ed. 67; Kohl v. U. S., 91 U. S. 367, 23 L. Ed. 449; United States v. Jones, 109 U. S. 513, 3 S. Ct. 346, 27 L. Ed. 1015; Shoemaker v. U. S., 147 U. S. 282, 13 S. Ct. 361, 37 L. Ed. 170; Long Island Water Supply Co. v. Brooklyn, 166 U. S. 685, 17 S. Ct. 718, 41 L. Ed. 1165; Bauman v. Ross, 167 U. S. 548, 17 S. Ct. 966, 42 L. Ed. 270; Backus v. Fort Street Union Depot Co., 169 U. S. 557, 18 S. Ct. 445, 42 L. Ed. 853; Crane v. Hahlo,

258 U. S. 142, 42 S. Ct. 214, 66 L. Ed. 514; Nichols on Eminent Domain, vol. 2 (2d Ed.) 938.

As appellant's assertion of a right to jury trial and her demand for such jury trial incorporated in her exceptions to the award of the commissioners were not sustained by any provision of the Flood Control Act conferring such right upon her, nor by any provision of the Constitution of the United States or of the state of Missouri, or by any statutes of Missouri, or by the common law or the decisions of Missouri, the trial court was in error in acceding to the demand for jury trial and in impaneling a jury to try the issue.

█ It is contended for the landowner that the government waived its right to object to jury trial in this case, but we find the contention without merit. The government's claim that it was not amenable to a jury verdict or judgment thereon was made clear to the court before the trial. The court indicated distinctly that the objection to jury trial was considered by the court and ruled adversely to the government, and that an exception to the court's ruling should be allowed. The ruling and the exception so taken properly present the question to this court for review.

█ Appellant also contends that in this condemnation proceeding there were many corporations named as respondents which were parties in interest, and it is argued that on that account the Missouri constitutional provision concerning condemnation cases in which incorporated companies are interested is involved. But the record shows that the appellee here, Price F. Hess, was the only landowner who took exception to the award of the commissioners covering her land and who made demand for jury trial, and she was the only party contesting the amount of compensation before the jury. The corporations named as defendants are not shown to have been interested within the meaning of the constitutional provision. As the Supreme Court of Missouri said in Kansas City v. Vineyard, 128 Mo. 75, 30 S. W. 326: "The fact that some of the defendants in such condemnation proceeding are incorporated companies does not give other defendants the right to demand a trial by jury." (5 Syl.)

On account of the errors found, the judgment is reversed, and. the case remanded for further proceedings.